DABNEY CARR, Respondent, v. ARCHIBALD CARR AND MORTIMER KENNETT, Appellants.

1. *Evidence—Copy.*—Before a copy of an instrument can be admitted in evidence, it must be shown that proper means have been taken to procure the original, and its absence duly accounted for.

2. *Conveyance—Notice.*—A lease, to give notice of its terms to third parties, must be recorded.

*Appeal from St. Louis Law Commissioner's Court.*

Suit upon covenants of a lease against assignee. [See opinion.]

*Holliday*, for appellants.

I. The court erred in admitting the lease offered in evidence.

1. Because it was no lease, not having been signed by the lessor until after the expiration of the term. An instrument is not a lease until signed by the lessor. (Clemens v. Broomfield, 19 Mo. 118.)

2. Because it was not a perfect original or duplicate, and because, also, the alleged perfect original, to Scannell, was not shown to be beyond the jurisdiction of the court, nor shown to be lost or destroyed. No process was taken out of the court to compel the production of the alleged perfect lease held by Scannell. All the testimony on this point is that of Webb, who said: "I made efforts to find the lease held by Scannell; that is, I looked for Mr. Scannell uptown where he used to live, but could not find him." No

notice was given to produce the Scannell lease; nor was any *subpœna duces tecum* issued for Scannell, so that the officers of the court could look for him. They might have found him—it was their duty—had proper papers been placed in their hands. (Lewin v. Dille, 17 Mo. 64 ; 9 Mo. 416.)

3. Because the said alleged lease was never acknowledged or recorded, and no actual notice of its contents was brought home to the defendants. (R. C. 1855, p. 358, § 16, & p. 364, § 42.)

II. The court erred in admitting in evidence the record of case of Dyer et als. v. Ridgway et als.

1. Because there was no allegation in the petition under which said evidence was competent. The petition does state that certain commissioners were appointed by the Land Court, but it does not allege in what case; nor does it allege that there was any decree or judgment of partition, nor between what parties.

*Havens & Alexander*, for respondent.

I. The lease was properly admitted in evidence. It is immaterial when Barlow signed the lease. If he had signed it on the day of trial, Scannell's contract would be none the less obligatory: he accepted the lease and enjoyed the premises.

II. The record from the Land Court was competent to show plaintiff's title to the fee in the premises in controversy, and in a collateral proceeding this court will hold that record as conclusive of the plaintiff's title.

The public record shows the fee to be in the plaintiff. The appellants, in levying upon and buying the premises at the marshal's sale, bought only Scannell's leasehold.

LOVELACE, Judge, delivered the opinion of the court.

The plaintiff's petition states that on the 10th day of May, 1855, Stephen D. Barlow, executor of William C. Carr, leased to one Roger Scannell a certain lot of ground in the city and county of St. Louis and State of Missouri, setting out the lease

verbatim.   The consideration of the lease was twelve dollars and fifty cents per annum, to be paid semi-annually, and also that the lessee should pay all State, county and city taxes. The lease was to commence on the 1st day of July, 1855, and expire on the 1st day of July, 1861; and was made by virtue of a power granted to the executor in the will of William C. Carr.   The petition then charges, that the Land Court of St. Louis county, in accordance with a decree, appointed commissioners to make partition of the estate of William C. Carr, and that the lot in question was assigned to the plaintiff by said commissioners, and that the report of the commissioners was duly approved by the Land Court.   The petition further charges that the defendants obtained a judgment in the Law Commissioner's Court against said Scannell; that execution was issued on the judgment; that Scannell's interest in the lot in question was levied on, and sold to defendants on the 25th of October, 1859, and that they took possession of the lot and collected rent therefor.

The answer of the defendants denies any information or knowledge sufficient to form a belief as to all the material allegations in the plaintiff's petition.

On the trial, the plaintiff offered to read in evidence a paper purporting to be the lease from Barlow to Scannell. The defendant objected because the signatures were not proven; and the plaintiff called a witness by the name of Webb, who testified that Scannell signed the paper at the time it purported to be executed, and that Barlow's signature was genuine.   The plaintiff's counsel then admitted that the paper was signed by Barlow in 1862, after the lease had expired, but before the commencement of this suit.   Webb said he had tried to get the original lease from Scannell by going to the place where he formerly resided, but was unable to find him.   The instrument was then admitted in evidence against the defendants' renewed objections.

Plaintiff then offered in evidence the record of certain proceedings in the St. Louis Land Court, in which Thomas B. Dyer et al. were plaintiffs and Joseph Ridgeway et al. were

defendants, by which it appeared that partition had been made of William Carr's estate, and that the lot in question had been assigned to plaintiff by commissioners. The defendants objected to the reading of this record in evidence because it was not set out in the petition; but the objection was overruled and the record was read.

The plaintiff offered in evidence the marshal's deed to defendants and evidence tending to support his account for taxes.

The defendants asked several declarations of law, which were refused. ·

The case was tried before the court without the intervention of a jury, and a judgment given for the plaintiff. The defendants then filed their motions for a new trial and in arrest of judgment; which being overruled by the court, the case comes here by appeal.

Several errors by the court below are complained of, but, inasmuch as the discussion of a few points will reach the whole case, it will be unnecessary to take them up separately. The court erred in admitting the paper purporting to be a lease from Barlow to Scannell to be read in evidence. It was not a duplicate part of the original lease, for it was not signed by Barlow until after the lease had expired. At best it was only a copy, and no foundation had been laid for the introduction of secondary evidence. If Scannell was the person who likely had the lease, a subpœna *duces tecum* ought to have been issued for him requiring him to bring the lease in court; or, it ought to have been shown that he was out of the jurisdiction of the court, or could not be found; and if it was in the possession of the defendant, he ought to have been notified to produce it in court. (Lewin v. Dille, 17 Mo. 64.)

It was also incompetent for another reason: there was no privity of contract shown between the plaintiff and defendants, either by actual agreement or presumption of law. The deed of lease had not been recorded, as the law requires, so as to give notice to third parties, and thereby raise a privity

of contract between Barlow and all persons claiming under Scannell. And even if this had been done, it would be difficult to see how this would give the plaintiff a right to recover on a contract made with Barlow.

Barlow, it seems, had power under the will to lease the real estate of his testator; and, for all that appears either in the petition or evidence, Barlow, as executor, is entitled to this very money that the plaintiff is suing for; and if any privity of contract is to be inferred at all by the marshal's sale, it would be with Barlow and not the plaintiff.

In no view of the record, as it appears here, could the deed of lease be properly admitted.

With regard to the record from the Land Court, it was insufficiently pleaded; and the plaintiff ought either to have amended his petition, or the record ought to have been excluded.

In the view of the case we have taken, the instructions became immaterial, and it is unnecessary to discuss them.

The case is reversed and remanded, with leave to the plaintiff to amend his petition. The other judges concur.