Ackley, et al. v. Staehlin.

————o————

Eli Ackley, *et al.*, Appellants, *vs.* Christian Staehlin, Respondent.

1. *Partners—Rights of—Appropriation of partnership property to payment of separate debt of one partner.*—While there is no doubt about the power of one partner to dispose of the property of the firm by *bona fide* sales, yet he cannot appropriate it, without the consent of his co-partner, to the payment of his individual debts, either with or without the knowledge of the creditor that such property belonged to the partnership.

2. *Practice—Supreme Court—Verdict contrary to evidence.*—While the Supreme Court, in law cases, will not generally weigh evidence or disturb a verdict where there is conflicting testimony, yet where the verdict is manifestly against the evidence and instructions, the Supreme Court will interfere and reverse the judgment.

*Appeal from St. Louis Circuit Court.*

*Henderson & Shields,* for Appellants.

I. This is not a case of conflicting testimony, but one where the verdict is directly contrary to all the evidence. In such cases,·the Supreme Court will consider the evidence and reverse the judgment. (Dedo vs. White, 50 Mo., 241; State, *ex rel.*, Nicholson, vs. Rombauer, 44 Mo., 590, 595; State vs. Burnside, 37 Mo., 343, 346; Morris vs. Barnes, 35 Mo., 412; Hartt vs. Leavenworth, 11 Mo., 629; Hayneman vs. Garneau, 33 Mo., 565; Blumenthal vs. Torini, 40 Mo., 159; Meyer vs. Pacific R. R., *Id.* 151; Baker vs. Stonebraker's Adm'r, 36 Mo., 338, 345.)

II. In support of the instructions, and the view of the court below on the law, we cite : Dob vs. Halsey, 16 Johns., 34; Yale vs. Yale, 13 Conn., 185, 190; Hickman vs. Reineking, 6 Black., 387; Lanier vs. McCabe, 2 Fla., 32; Daniel vs. Daniel, 9 B. Mon., 195–6 ; Bourne. vs. Woolbridge, 10 B. Mon., 493; Rogers vs. Batchelor, 12 Pet., 229 ; Brewster vs. Mott, 5 Ill., 378 ; Purdy vs. Powers, 6 Barr., 492 ; Minor vs. Gow., 11 S. & M., 322, 324 ; Noble vs. McClintock, 2 Watts & S., 152, 155 ; Burrell vs Springfield, 15 Ala., 274; Pierce vs. Pass, 1 Porter, 232; 2 Bailey, 133 ; Jones' Case, Overton, 455; Flanagan vs. Alexander, 50 Mo., 51.

*Jecko & Hospes*, for Respondent.

I. The only issues in the case were issues of facts, and they were fairly tried under instructions most favorable to the plaintiffs ; and it is well settled that this court will not interfere in such cases, particularly where the judge at *nisi prius* refuses to interfere. It was a case where the jury might fairly have weighed the evidence, and decided one way or another, and it could not have been said of them, that the verdict was against the evidence.

ADAMS, Judge, delivered the opinion of the court.

This was an action for $1193.65, alleged to be due from defendant to plaintiffs, for sundry bales of hops sold and delivered by plaintiffs to defendant.

The petition alleges that the plaintiffs were hop merchants, doing business at Waterville, in the State of New York, and as such, sold and shipped to the defendant the hops in question, an account of which is inserted in the petition.

The answer denies that the defendant bought any hops of the plaintiffs. The answer further alleges, that Eli Ackley, one of the plaintiffs, was largely indebted to the defendant, and agreed to furnish him hops in payment of such debt, which the defendant agreed to accept, and that the said Eli Ackley did furnish him the quantity of hops mentioned in the petition, and of the value therein mentioned, in part pay-

ment of his indebtedness to defendant, which delivery is the alleged sale and delivery mentioned in plaintiffs' petition ; that defendant did not know, nor did he have any means of ascertaining, whether or not the plaintiff, Yale, was a partner of said Ackley, or whether said Yale had any interest in the hops so delivered ; and defendant denied that he became indebted to the plaintiffs, as co-partners or otherwise, in said sum of $1193.65, or in any other sum.

The plaintiffs filed a replication; denying the new matter set up in the reply, and denying that the plaintiff, Eli Ackley, had any authority to appropriate the property of the firm composed of plaintiffs to his individual debts, and charging that the firm of Ackley & Yale were insolvent, not having assets sufficient to pay their debts.

The case was submitted to a jury for trial. The plaintiffs introduced evidence to prove their account. The evidence proved that the hops delivered to the defendant, were shipped to him from Waterville, N. Y., as the property of and in the firm name of plaintiffs, and all of the hops sold and shipped belonged to the plaintiffs, as co-partners, except two bales which belonged to the plaintiff, Yale, individually, and these two bales were withdrawn from the jury by an instruction given for plaintiffs. The plaintiffs also proved that the plaintiff, Yale, had no knowledge of the alleged arrangement made by Ackley with defendant, to furnish hops for his private indebtedness, and never consented thereto.

The evidence showed that the defendant received the hops under the arrangement he had made with Ackley, one of the partners of Ackley & Yale, for and on account of the private debt due him from Ackley, and that he had no knowledge at that time, that the hops belonged to the plaintiffs as co-partners. The evidence also showed that the firm of Ackley & Yale were insolvent, and the whole of their assets were not sufficient to pay their debts.

These were subtantially the facts, as presented to the jury. The court, at the instance of the plaintiffs, instructed the jury " that if they find from the evidence, that the goods,

wares and merchandise mentioned in the petition, were shipped by Ackley & Yale, a firm composed of Eli Ackley and John Yale, to defendant, Christian Staehlin, and by said Staehlin received, and that the value thereof is the same claimed in the petition, the jury must find for the plaintiffs, for said amount, notwithstanding they may find that there was an agreement between Eli Ackley and the defendant Staehlin, whereby said goods, wares and merchandise were to be taken in part payment of a pre-existing debt, due by said Eli Ackley to said Staehlin, unless they find that John Yale consented to said agreement."

The court refused a counter-instruction asked by defendant.

The jury found a verdict for the defendant—and the plaintiffs in due time filed a motion for a new trial, upon the ground that the verdict was against the instructions and against the evidence. This motion was overruled, and judgment rendered in favor of the defendant, which was affirmed by the General Term, and the plaintiffs have appealed to this court. The verdict of the jury was manifestly against the law and the evidence. There seems to be no evidence to support a verdict in favor of the defendant.

It is conceded, that the hops in dispute were the property of the firm of Ackley & Yale, and there is no pretense that Yale ever consented that this property of the firm should be applied by his co-partner to the payment of his individual indebtedness due to the defendant.

One partner has no power to appropriate the effects of the partnership, to the payment of his individual debts, without the consent of his co-partners. There is no doubt about the power of one partner to dispose of the property of the firm by *bona fide* sales, but he cannot appropriate it, without the consent of his co-partners, to the payment of his individual debts, either with or without the knowledge of the creditor that such property belonged to the partnership. In Rogers vs. Bachelor, (12 Pet., 221) Judge Story, speaking for the court, said : "Does it make any difference that the separate creditor had no knowledge at the time, that there was a mis-

36—VOL. LVI.

appropriation of the partnership funds? We think not. If he had such knowledge, undoubtedly he would be guilty of gross fraud; not only in morals, but in law." " But we do not think that such knowledge is an essential ingredient in such case. The true question is, whether the title to the property has passed from the partnership to the separate creditor. If not, the partnership may assert their claim to it in the hands of such creditor." (See 3 Kent Com., 44; Flanagan vs. Alexander, 50 Mo., 50.)

The judgment will be reversed, and the cause remanded. The other judges concur.