————o————

THOMAS J. PRICE, Appellant, *vs.* JAMES T. HUNT, Respondent.

1. *Partnership—Parol evidence as to, when inadmissible.*—Although the general fact of the existence or non-existence of a partnership, or the names of the members and the like, may in some instances be shown by parol, notwithstanding existence of written articles of co-partnership, yet when the question involves a construction of the instrument, viz: whether it be a contract of partnership or one of agency merely, in such cases, the writing must be produced or shown to be unobtainable before parol evidence is admissible.

2. *Partnership—Appropriation of firm assets to payment of individual debts.*—It is well settled, that one member of a firm cannot, without the consent of his co-partners, appropriate the firm effects to the payment of his individual debts.

*Appeal from Carroll Circuit Court.*

*L. H. Waters*, for Appellant.

*Ray & Ray*, for Respondent.

VORIES, Judge, delivered the opinion of the court.

This action was founded on a negotiable promissory note executed by the defendant and made payable to one W. H. Mitchell, and was for the payment of $160, twelve months after date and dated the 4th day of February, 1870, and assigned to plaintiff before maturity.

The defendant, as a defense to the action, charged that at the time of the execution of the note, said W. H. Mitchell, one T. C. Kendrick and plaintiff were partners, engaged in the selling of a patent right seed sower; that said note, although executed and delivered to said Mitchell, was in fact

the property of said partnership; that the sole and only consideration of the note was the sale by said partnership to the defendant of the exclusive right to sell said patent right in Livingston and Caldwell counties; that after the execution and delivery of said note, defendant fully paid off and discharged the same to the said Kendrick; and that the proceeds of said payment went into said partnership funds, and the said partnership still existed; that said Kendrick, when said note was paid, promised to obtain the note and deliver it to defendant; that the fact that said note was partnership property was known to plaintiff; that plaintiff was notified of the payment of said note and requested to deliver the same to defendant, which he failed to do. Wherefore, defendant denies that said note is still due and unpaid, or that the plaintiff ought to recover the same. But defendant prays that said note may be delivered up to the defendant by order of the court, and that defendant may have such other judgment, etc.

The plaintiff filed a replication to said answer, in which he specifically denied all of the affirmative or material allegations in the answer, and averred that the note was sold and assigned to him before maturity, for a valuable consideration and without any notice of any defense to the note on the part of the defendant as against the payee therein or otherwise.

A trial was had before the court without the intervention of a jury.

On the part of the plaintiff, the note and endorsement were read in evidence. The defendant was then examined on his own part, and testified to the following effect, that he gave the note sued on to W. H. Mitchell, for Price's patent right seed sower, for Livingston and Caldwell counties; that Price was the patentee and maker of the machines; that he afterwards paid T. C. Kendrick the note, which payment was made as follows: Kendrick claimed to be a partner of Mitchell and Price in the note, and witness had sold five counties for T. C. Kendrick and was to have five other counties for his pay. In September, following the date of the note, Kendrick and

defendant agreed that defendant should have the note now sued on, for his pay, instead of the five counties. The note was not in Kendrick's possession at the time. The defendant had sold the five counties before said agreement with Kendrick and they were sold for Kendrick. Mitchell is reported to be dead.

T. C. Kendrick was next introduced as a witness for defendant, who testified that he and plaintiff and W. H. Mitchell, in December, 1869 or 1870, went into partnership. The partnership was formed in the State of Illinois, at the plaintiff's machine shop in Macomb, where plaintiff resides. The partnership agreement was reduced to writing, and the writing, witness thought, was among Mitchell's papers. Here the plaintiff objected to any testimony in relation to the terms of said partnership or the contents of said writing. The objection was overruled by the court and the plaintiff at the time excepted. Whereupon, said witness was allowed, against plaintiff's objection, to testify that by the terms of said partnership, Mitchell and witness were to travel and sell territory and furnish machines, to be made and furnished by plaintiff; and that after deducting the cost of sales, traveling expenses and four dollars for each machine, the witness and Mitchell were to have two-thirds of the net profits for their pay. Witness never saw the note sued on until the suit was brought on it. It was also stated by said witness, that the partnership spoken of by him was dissolved in the spring after the note was given, and that it was in the next September that the arrangement was made to settle the note as detailed in defendant's evidence; that Mitchell and witness traveled over the country as agents of plaintiff until the spring of 1870, in selling said patent right; that they sold under power of attorney from plaintiff; that Kendrick had paid Mitchell for his part of the note, by crediting his account with the amount.

There was some other evidence tending to show that Kendrick had an interest in the note, but the foregoing is, substantially, the evidence offered by defendant.

The plaintiff then introduced evidence tending to prove that he was never in partnership with Kendrick and Mitchell, or either of them, and that he purchased the note sued on from Mitchell for value, without any notice of any defense thereto, etc.

At the close of the evidence, the plaintiff asked the court to declare the law to be as follows :

1. "The facts of the case, as stated by Kendrick, did not constitute him, plaintiff, and Mitchell partners."

2. "The payment to Kendrick by defendant was not such a payment as discharged the note."

3. "Kendrick and Mitchell were the agents of plaintiff only, and after their agency terminated and the note was turned over to plaintiff, said Kendrick was not authorized to receive payment of the same."

These declarations of law were refused by the court, and the plaintiff again excepted.

The court then found for the defendant and rendered judgment in his favor.

The plaintiff, in due time, filed his motion for a new trial, on the ground that the judgment was against the evidence; that the court admitted improper and illegal evidence and refused proper declarations of law asked for by the plaintiff.

This motion was overruled and the plaintiff excepted and appealed to this court.

The first objection raised by the plaintiff to the action of the Circuit Court is, that said court permitted the defendant to prove, by oral evidence, the terms and contents of a contract which was shown to be in writing, without accounting for the absence of the written contract, or showing, in any manner, that the writing could not have been obtained or a sworn copy thereof obtained to be used as evidence in the case. The rule that the best obtainable evidence must always be produced, is familiar to every lawyer. But it is insisted by the defendant in this case, that a partnership may be proved by any legal evidence ; that it may be proved by the clerks engaged in the partnership business, or by anybody who knows

the fact, notwithstanding there may be written articles of partnership. This may be generally, and it is in some cases undoubtedly true. If a third party, who has dealt with a partnership firm, seeks to make other members liable for the contract of one of the members made within the scope of the partnership, such third person may prove, by any one who knows the fact, that the partner sought to be charged, has held himself out to the world to be a partner. So any clerk who does business for the firm and who knows the fact, may testify as to who are the individuals constituting the firm, etc. But when the question in issue, as in this case, is whether a contract made between parties is sufficient to constitute said parties partners in a certain business, or whether the contract, by its terms, only constitutes two of the parties agents to transact a specific business for the third party, and who are to be paid in a specific way for their services, and this contract is shown to be in writing, and it is not shown that it cannot be produced by proper diligence, then I can see no reason to except such a case from the general rule, requiring the best and original evidence to be produced, or its absence accounted for. That this case comes within the reason of the rule there can be no doubt; and these rules have been adopted and are enforced to promote certainty and to avoid perjury and mistakes growing out of the frailty of human memory, after the lapse of years. We are, therefore, of the opinion that the court improperly permitted evidence of the contents and terms of the written contract, without anything to show that the writing could not be produced. (2 Greenl. Ev.; § 481 ; Farrel vs. Brennan, 32 Mo., 328 ; Carr vs. Carr, 36 Mo., 408.)

It is next objected by the plaintiff, that the court improperly overruled the declarations of law asked for by the plaintiff.

The first and third declarations of law, asked for by the plaintiff, are both predicated on the evidence in the case in reference to the partnership ; or, in other words, the correctness of said declarations of law depends upon whether the contract existing between the partners, was a partnership or only

a contract of agency, and as we have held that the parol evidence was not, under the circumstances, admissible, we will express no opinion on the effect of such evidence.

The second declaration of law assumes that when all is taken as true which the evidence tends to prove in reference to the payment of the note, and the manner of its payment, still no legal payment is shown, and, therefore, it is contended that said declaration of law ought to have been given and judgment rendered for plaintiff.

The manner of payment, testified to by defendant himself, is as follows: "I afterwards paid T. C. Kendrick the note in suit as follows. He claimed to be a partner of W. H. Mitchell and T. J. Price in the note. I had sold five counties for T. C. Kendrick and was to have five other counties for my pay. In September, following the date of the note, Kendrick and I agreed that I should have the note sued on for my pay instead of the five counties. The note was not then in Kendrick's possession. * * * * * * * * The counties had been sold before said agreement with Kendrick, and were sold for Kendrick."

This is the evidence in reference to the payment of the note; and when taken in connection with other undisputed facts in the case, shows that if it amounted to a payment it was made long after it is admitted that the partnership, if any, had ceased to exist. And the evidence above copied, clearly shows that Kendrick was attempting to apply this note in payment of his individual obligation or debt, and there is no evidence to show that either Mitchell or plaintiff consented to such an arrangement. It is settled that one member of a firm cannot appropriate the partnership effects, without the consent of his co-partners, to the payment of his individual debts, either with or without the knowledge of the creditors that the property belonged to the firm. (Ackley vs. Stachlin, 56 Mo., 558.)

In the present case defendant knew that the note belonged to the partnership, if we assume that such existed; so that from the evidence, the attempt at payment of the note was

an illegal attempt to misappropriate the funds of the partnership, and no consent is shown of the other partners, so that no payment, as the evidence now stands, was in fact made.

It was not necessary to pass on this last point in the case; but as the case was to be sent back for another hearing, we thought it would be more satisfactory to indicate our opinion in reference to that point in the case.

The judgment will be reversed and the case remanded ; the other judges concur.