FORNEY et al., Appellants, v. ADAMS.

1. **Partnership Property**: TRANSFER FOR PRIVATE DEBT OF PARTNER. If a partner transfer goods of the firm in payment of his private debt, without the consent of his co-partner, the firm may treat the transaction as a sale by the firm and recover their value from any one receiving them with knowledge of their true ownership.

2. **Custom**: PARTNERSHIP. A custom on the part of the several members of a firm that when a member was indebted his account would be taken in and cha ged against him on the books of the firm; *Held,* not to authorize one of the partners to dispose of goods of the firm in payment of his private debt.

*Appeal from Moberly Court of Common Pleas.*—HON. G. H. BURCKHARTT, Judge.

REVERSED.

*O. T. Rouse* and *W. J. Hollis* for appellant, cited 56 Mo. 558; *Flanagan v. Alexander,* 50 Mo. 50; 59 Mo. 258; *Rogers v. Batchelor,* 12 Pet. 221; *Caldwell v. Scott,* 54 N. H. 414; *Todd v. Lorah,* 75 Pa. St. 155; *Stegall v. Coney,* 49 Miss. 761.

*Martin & Priest* for respondent.

HOUGH, J.—This is a suit for the value of certain tobacco and cigars alleged to have been sold by plaintiffs to defendant. There was evidence tending to show that Forney, one of the firm of Forney, Elliott & Co., plaintiffs herein, was indebted to one Tissue, and that he disposed of the tobacco and cigars in question, being the property of the firm, to Tissue, in payment of his private debt; that Tissue was indebted to the defendant, Adams, and that he transferred said tobacco and cigars to Adams in payment of his debt to him, and that Adams knew at the time he agreed to receive the tobacco from Tissue, that it was the property of the firm of Forney, Elliott & Co., and had been transferred to Tissue by Forney in payment of his individual debt to Tissue. The plaintiffs requested the

court to instruct the jury that if they found the foregoing facts to be true, the defendant was liable for the value of the tobacco and cigars, and the court refused so to instruct. This was error. *Ackley v. Staehlin*, 56 Mo. 558; *Price v. Hunt*, 59 Mo. 258. There was no testimony tending to show consent on the part of the other members of the firm to the disposition made by Forney of the firm property.

The defendant introduced evidence, against the objections of the plaintiffs, tending to show a custom on the part of the several members of the firm to deal as individuals with the customers of the firm, and that under such custom " when a member was indebted, his account would be taken in and charged against him on the books of the firm." Conceding that evidence of such a custom was admissible, which it is unnecessary now to decide, the custom sought to be proved was not broad enough to cover the transaction in question, nor does it appear that the transaction itself was had by either Tissue or Adams in reliance upon any such custom. Lawson on Customs, § 150. The judgment will be reversed and the cause remanded. The other judges concur.