J. T. NOBLE AND F. B. LITTLE, Respondents, v. P. MILEY AND A. METCALF ; W. S. BROWN, GARNISHEE, Appellant.

### Kansas City Court of Appeals, January 25, 1886.

1. PRACTICE—FINDINGS OF LOWER COURT.—Where there is evidence sufficient to sustain the finding of the trial court, this court will not disturb the result reached, unless the instructions given clearly indicate that the court has tried the case upon a wrong theory of the law.

2. PARTNERSHIP—APPROPRIATION OF FIRM PROPERTY FOR INDIVIDUAL DEBT.—It is familiar law in this state, that one member of a firm cannot appropriate its property or assets, without the consent of his co-partners, to the payment of his individual debts. If, however, the other members of the partnership, on becoming aware of what their co-partner had done, had adopted and ratified the act, the firm would be bound. So, too, the others members migh, tby conduct, estop themselves from claiming that there had been no adjustment of the debt owing to the firm.

APPEAL from  Jackson Circuit Court, HON. TURNER A. Gill, Judge.

*Affirmed.*

The case is stated in the opinion.

J. TAVENNER, for the appellant.

I.    Defendant, Metcalf, knowing that Brown claimed that there was an agreement between Miley and himself that Brown's indebtedness to their firm was to be paid

by setting off the amount Miley owed Brown against it; and that upon that representation Brown had become indebted to the firm; and not ever having disavowed such agreement, upon full knowledge of what Brown claimed, he thereby ratified Miley's contract. Parsons on Partnership (3 Ed.) 124, 122; 1 Parsons on Cont. (5 Ed.) 51; Story on Agency, sect. 258; *Peck v. Ritchey*, 66 Mo. 121.

II. Garnishment is essentially a legal proceeding, and not adapted for the settlement of equitable rights between the garnishee and defendants, and a court of law cannot go into the settlement of such rights, in such proceedings. *Sheedy v. 2d. Nat. Bank*, 62 Mo. 24; *Lackland v. Garesche*, 56 Mo. 267; Drake on Attach. (3 Ed.) sect. 457–463.

III. Metcalf knowing of the agreement made by his partner with Brown, and that Brown relied on it to his prejudice, and not even having disavowed it, he is estopped from denying his partner's authority to make the agreement. Bigelow on Estoppel (1 Ed.) 467; Story on Agency (1 Ed.) 117; Story on Partnership (3 Ed.) 201.

IV. The agreement can be attacked by the firm's creditors, if at all, only by a suit in equity, and when the firm was and is insolvent. *Sigler v. Bank*, 8 Ohio St. Rep. 511; *Armstrong v. Fahnestock*, 19 Md. 58.

ALDERSON & YOUNG, for the respondents.

I. An indebtedness due by one to a firm cannot be liquidated by one member of the firm crediting such indebtedness with his individual obligation to such party. Such settlement is of no avail to such person in an action by the firm; nor in action by garnishment, by a creditor of the firm. Further, partnership assets must first be applied to partnership liabilities, and one partner has no authority to make a different disposition of them. *Hilliker v. Francisco*, 65 Mo. 598; *Phelps v. McNeely*, 66 Mo. 554; *Leabo v. Goode*, 67 Mo. 126; *Price v. Hunt*, 59 Mo. 258.

II. Ratification must be specially pleaded. 19 Cent. L. J. 483, note 22. Here it was not done. But ratification was submitted to the trial court and determined in favor of plaintiffs.

III. This court will not weigh evidence. Where the judgment is for the right party this court will not reverse for some misconception of law by the trial court, but only where there has been error materially affecting the merits of the action.

IV. To constitute a ratification there must have been full knowledge of all the material facts and circumstances of the unauthorized act. The evidence does not show either of these elements.

ELLISON, J.—The defendant firm, P. Miley & Company, was indebted to the respondents, Noble & Little, and judgment against the former had been rendered in favor of the latter.

The appellant, W. S. Brown, was garnished as a debtor to the defendant firm of P. Miley & Company. Issues were joined between the plaintiffs and the appellant, Brown, which were determined by the trial court in favor of plaintiffs. The appellant, Brown, contends that he has paid his indebtedness to P. Miley & Company, by reason of a claim he held against Miley, individually, which claim upon settlement between him and Miley was allowed by Miley against the firm claim of P. Miley & Company, against appellant. He further contends that this settlement was made with the knowledge and approval of the defendant, Metcalf, the other member of the firm of P. Miley & Company, or that if he did not know of it, he afterwards, with knowledge, ratified it.

The court found against the garnishee on issues joined between him and plaintiffs, in the manner designated by statute. There is evidence sufficient to sustain the court's finding, and we will not disturb the result reached unless the instructions given clearly indicate that the court has tried the case upon a wrong theory of the law.

The primary question is, was Brown indebted to the firm of P. Miley & Company at the time of the garnishment; if he was, of course he must respond to the plaintiffs here, who were judgment creditors of P. Miley & Company. It is familiar law in this state that one member of a firm cannot appropriate its property or assets, without the consent of his co-partners, to the payment of his individual debts. *Phelps v. McNeely*, 66 Mo. 554; *Price v. Hunt*, 59 Mo. 258.

So nothing further appearing than that Miley had undertaken to settle his individual debt to Brown with the debt due the firm from Brown, there would be no question that the disposition of the firm's credits would be illegal, and that Brown's debt would remain undischarged.

If, however, the other member of the partnership, on becoming aware of what his co-partner had done, had adopted and ratified the act, the firm would have been bound. So, too, the other member might, by conduct, estop himself from claiming there had been no adjustment of Brown's debt to the firm. Aside from the question whether these matters should or should not have been pleaded, if relied upon, we find they were considered by the court, as shown by the instructions, and from the result we conclude the court has found there was no ratification or estoppel. Several instructions were refused for appellant, but those given sufficiently covered all the points in controversy.

The other judges concurring, the judgment is affirmed.