GEORGE B. DUNLAP, Appellant, v. ELKS SOCIAL CLUB, Respondent.

**St. Louis Court of Appeals, March 22, 1887.**

1. REFERENCES—FINDINGS OF FACT CONCLUSIVE.—In actions at law, the finding of fact of a referee stands as a special verdict, and, if it be supported by substantial evidence, it can not be vacated on appeal, on the ground that it is against the weight of the evidence.

2. EVIDENCE—EXCLUSION OF, NOT ERROR, WHEN.—Vague and indefinite questions, which call for hearsay testimony, are properly excluded, regardless of whether the testimony sought to be elicited is relevant to the issue.

APPEAL from the St. Louis Circuit Court, AMOS M. THAYER, Judge.

*Affirmed.*

E. J. WHITE, for the appellant : The corporation is not bound by the act of the agent or officer, unless he had power under the charter or by-laws to bind it. *Fountaine v. Carmanthen,* 5 Eq. 316 (Law Rep.); *Martin v. Great Falls Mfg. Co.,* 9 N. H. 51 ; *Hayden v. Middlesex, etc.,* 10 Mass. 403. If the officers, whose appropriate business it is to make loans, make unlawful loans, the corporation is not bound by their acts. *Life Ins. Co. v. Mechanic's Co.,* 7 Wend. 31. The president

—or, in this case, the vice-president—of a corporation is not *ex-officio* authorized to bind the corporation, unless it be shown to be within the scope of his authority. *Bank v. McKee*, 2 Barr. 318; *Spyker v. Spence*, 8 A. 1 A. 333; *Bacon v. Ins. Co.*, 33 Miss. 116; *Crump v. Mining Co.*, 7 Gratt. 352; *Bank v. Canal Co.*; 4 Paige Ch. 137; *Storr v. Wyse*, 7 Conn. 219; *Dispatch Line v. Bollamy Co.*, 12 N. H. 205; *Whitwell v. Warner*, 20 Vt. 440; *Coal Co. v. Mogargel*, 4 Barr. 324; *Hodges v. Railroad*, 29 Vt. 220. Ware could not use the bill of the Times Printing House with which to pay his own indebtedness, without 'the consent, not only of the directors of the company, but of all parties in interest (in this case not a single director or stockholder either consented to or knew of such conduct on his part). *Ackley v. Staehlin*, 56 Mo. 558, and cases cited; *Forney v. Adams*, 74 Mo. 138; *Greenwood v. Burns*, 50 Mo. 54.

BOYLE, ADAMS & McKEIGHAN, for the respondent.

ROMBAUER, J., delivered the opinion of the court.

This suit was brought upon an account for printing, etc., done and furnished, by the Times Printing House, a corporation, to the defendant, which account was assigned to the plaintiff prior to the institution of the suit.

The defendant claims that the account sued upon was incorrect and excessive, and that so much of it as was correct had been fully paid to the plaintiff's assignor.

The account originally sued upon was for seven hundred and thirty dollars, with a credit of one hundred and eighty dollars. It appearing on the trial that the bill was unquestionably excessive, and that the credit of one hundred and eighty dollars was given under a mistake of facts, the petition was amended, omitting the credit of one hundred and eighty dollars, and charging the

defendant with four hundred and eighty dollars for the remaining items of the account.

The case was tried before a referee, who reported that, of the four hundred and eighty dollars claimed, only three hundred and nineteen dollars was for items sold and furnished to the defendant, and that this sum, with the exception of $41.25, was paid to the plaintiff's assignor prior to the assignment. The court confirmed the referee's report, and entered judgment for the plaintiff for $41.25 and interest. From this judgment, the plaintiff appeals.

The errors assigned are, that the referee erred, as a matter of fact, in finding that only three hundred and nineteen dollars was the amount of items furnished to the defendant, and that the referee erred, both as a matter of law and of fact, in finding that the transactions relied upon to show payment of the greater part of these items amounted to evidence of payment.

The facts bearing on the first point are substantially these : The plaintiff's assignor did, for a period beginning January 2, 1883, and ending March 16, 1885, furnish printing work and stationery, for both the Elks Social Club and the Elks Lodge, two distinct and independent organizations, but upon its books kept both accounts charged to the Elks Social Club, the defendant herein. The controversy before the referee on that point was, how many of these items were furnished to the defendant, or upon its request. The burden of proof on that subject was with the plaintiff, and as the testimony was conflicting, there is nothing before us to review the referee's finding. The referee's finding stands in place of the finding of a jury, and when supported by substantial testimony can not be disturbed on appeal, on the sole ground that it is against the weight of evidence. *Western B. B. Ass'n v. Kribben*, 48 Mo. 37 ; *Franz v. Dietrick*, 49 Mo. 95 ; *Woodrow v. Younger*, 61 Mo. 396 ; *Gimbel v. Pignero*, 62 Mo. 240 ; *Wiggins Ferry Co. v.*

*Railroad*, 73 Mo. 419. It is only in cases of purely equitable cognizance, that the rule is otherwise.

The facts bearing on the second point are these: The Times Printing House was a corporation with a capital stock of one hundred thousand dollars, divided into one thousand shares. Of these shares, James R. Bissell, the president, owned nine hundred and ninety-six, the other four being held by four other persons, each having a mere nominal interest in the corporation. One Ware was the vice-president of the corporation. He was the son-in-law of the president, and attended to the business on his account. There was evidence tending to show that Ware devoted his time to the interests of the corporation, receiving no compensation, and that it was understood that all his expenses were to be defrayed by the corporation. It is not disputed that he had power to make contracts on behalf of the corporation, solicit business for it, and collect outstanding demands and receipt for them.

The defendant kept a place of entertainment, patronized to a great extent by theatrical people, whose patronage for a printing business was valuable. For the purpose of securing such patronage, Ware frequently entertained members of the theatrical profession at the defendant's club house, and in doing so incurred obligations largely in excess of the claims of the Times Printing House against the defendant. In part payment of such obligations, he periodically, usually at the end of each year, receipted the bills of the printing house against the defendant. Although the Times Printing House presented its bills monthly to other customers, there is no evidence that a bill was ever presented to the defendant during the entire period in any other manner than hereinabove stated, at Ware's periodical settlements. There is some evidence that Ware's conduct in this behalf was known to some of the officers and accountants of the corporation, and none that it was objected to.

It will be thus seen that the question presented is a mixed question of law and fact. That a partner or officer of a corporation, can not, without the consent of the corporation, or his co-partners, pay with corporation or partnership assets his individual debts, is an unquestioned proposition. *Ackley v. Staehlin*, 56 Mo. 558; *Forney v. Adams*, 74 Mo. 138; *St. Louis Carriage Mfg. Co. v. Hilbert*, 24 Mo. App. 338. The referee, however, in this case, found that the debts thus paid were debts of the corporation, and also that it is reasonably inferable from the testimony that the payments were made with the knowledge and sanction of the corporation, and we are not prepared to say that the finding on either proposition is not supported by substantial evidence.

A further point is made, that the referee erred in excluding certain testimony offered by the plaintiff, bearing upon the question of Ware's authority to settle bills of the corporation in a certain manner. An examination of the record discloses, that the questions put by the plaintiff's counsel to the witness, Swick, which were ruled out by the referee, were of a vague and indefinite character, and calling, at best, for hearsay evidence. The referee's action in ruling them out was proper, regardless of the question of the relevancy of the evidence, on which we are not called upon to express an opinion.

The judgment is affirmed. All the judges concur.