GUSTAVE KUHN, Respondent, v. JOSEPH SCHWARTZ, Appellant.

Kansas City Court of Appeals, February 4, 1889.

1  Assignment of Account: SECONDARY EVIDENCE : ADMISSIBILITY OF. In an action on account, where the pleadings put in issue the several assignments through which plaintiff derives title, it is error to admit in evidence, over objection, the depositions of witnesses who swear they saw the assignments executed, some being deeds under seal, others by legal representatives of a deceased party, suggesting possibility of existence of judicial records relating thereto, without first requiring plaintiff to show that said written assignments and possible records were either lost or destroyed, or out of his power to produce the same, or any authentic copy thereof.

2. —— : —— : ——. The question under the pleadings was whether these assignments were sufficient to pass title to the account to plaintiff, which could not be determined without an inspection of the contents of the assignments ; and though a witness was permitted to testify, without objection, that he was present when the transfers were made and saw them signed and executed, but did not state the contents of the assignments, nor that the account in suit was embraced therein. *Held* that such testimony falls short of supporting the controverted allegations in plaintiff's petition.

3. —— : EQUITABLE ASSIGNMENT. The rule that a valid equitable assignment is equally valid at law, and that book accounts may be assigned by parol, cannot avail plaintiff in this state of case, as his endeavor was to establish the existence and contents of certain written assignments, by parol, which the law of evidence forbids.

4. **Appellate Practice :** EXCEPTIONS PRESERVED : DUTY OF COURT. Where the record sufficiently preserves exceptions to the rulings of the trial court, it imposes on the appellate court the duty of examining the questions of law they raise.

*Appeal from the Jackson Circuit Court.*—Hon. TURNER A. GILL, Judge.

REVERSED AND REMANDED.

*Jewell & Thompson,* for appellant.

The main question in this case is as to substitution of oral for written evidence. The only objection urged at the trial against the admission of evidence was that the same was not the best evidence of which th᠎ case was in its nature susceptible, but secondary evidence. One of the four "general rules as to relevancy" of evidence is thus stated by Greenleaf : "The best evidence of which the case in its nature is susceptible must always be produced." Greenl. on Ev. [13 Ed.] p. 66, secs. 50, 82, 85, 88. Defendant objected to such evidence in time. R. S. sec. 2159, p. 357. The court erred in refusing to instruct the jury to find for the defendant as requested, and the judgment should be reversed.

*W. B. Teasdale,* for respondent.

An assignment of an account need not be in writing. The fact that an assignment was made may be shown by oral testimony. *Smith v. Sterritt,* 24 Mo. 262 ; *Boyer v. Hamilton,* 21 Mo. App. 524. This being true the written evidence of the assignment is no better than the oral evidence of the same fact. The question is, was the assignment made ? Not how was it made. Where there is no substitution of evidence, but only a selection of weaker instead of stronger proof, or an omission to supply all the proof capable of being produced, the rule is not infringed. 1 Greenl. on Ev. [14 Ed.] sec. 82, p.

116 ; *Steinkamper v. McManus*, 26 Mo. App. 53. But
if all the objections to the testimony of Kuhn, Kauf-
man, Goldsmith and Wallach should have been sus-
tained, there would still remain the testimony of Adolph
Kuhn, introduced without objection. The only objec-
tion made by appellant was that the evidence was incom-
petent and irrelevant. The objection that the evidence
was secondary was not made at the trial of this cause
and does not appear in this case, except in the brief of
the appellant. The general objection cannot be consid-
ered. *White v. Stevens*, 13 Mo. App. 244; *Shockley v.
Fischer*, 21 Mo. App. 555 ; *Margrave v. Ausmuss*, 51
Mo. 566 ; *Baier v. Berberich*, 13 Mo. App. 587.

SMITH, P. J.—The plaintiff in his petition alleged
"that said indebtedness, together with the goods and
effects of Goldsmith and Kuhn, were assigned for the
benefit of their creditors to one Leopold Wallach ; that
Wallach, as assignee, with Goldsmith and Kuhn, subse-
quently assigned said claim to Citroen & Co., a firm com-
posed of plaintiff and Lewis B. Citroen ; that afterwards
said Citroen died and his interest in said indebtedness
was by his legal representatives assigned to plaintiff."
The defendant, by the general denial contained in
his answer, put in issue these allegations of the peti-
tion. The plaintiff, to maintain the affirmative of the
issue, offered to read in evidence the depositions of
several witnesses and to the reading of which the defend-
ant objected on the ground that the same were incompe-
tent and irrelevant, being secondary evidence, which
objections were by the court overruled, and to which
ruling the defendant excepted. The testimony of the
deponents was substantially as follows :   Adolph Kuhn
stated that he knew that the account sued on was trans-
ferred by Wallach to Citroen & Co., and by that firm
transferred to plaintiff, and that he was present when
the transfers were made and executed. Nathan Kauf-
man stated that Wallach, for a consideration of $10,189,

assigned to the late firm of Citroen & Co. certain accounts due to the late firm of Goldsmith & Kuhn, of which Wallach was the assignee, and that the account sued upon was one ; that afterwards, in the adjustment of the affairs of said firm of Citroen & Co. with the representatives of L. B. Citroen and the plaintiff, the account sued upon was assigned to him. Herman Goldsmith stated that the account sued on was assigned by Wallach to Citroen & Co., and subsequently came to be the property of plaintiff. Leopold Wallach stated that, for a valuable consideration to him paid by Citroen & Co., the Schwartz account sued upon was assigned to Citroen & Co., of which firm the plaintiff was a member. This was substance of all the evidence in the case. The instruction given for the plaintiff, which need not be more particularly referred to, would ordinarily have been well enough. The instruction asked by defendant and refused by the court was in effect a demurrer to the evidence. The verdict was for plaintiff, and after an unsuccessful motion to set the same aside judgment was entered thereon, and to reverse which defendant has prosecuted his appeal here.

The principal question presented by the record for our determination is whether the circuit court committed error in permitting the testimony of the witnesses in form of depositions to be read in evidence to the jury over the specific objections of the defendant. The allegations in the plaintiff's petition, together with the testimony adduced in support thereof, conclusively showed that the several assignments of the account sued upon were all in writing. The plaintiff derives his title to said account through these several assignments, some of which were deeds under seal. Not only this, but it further appears that Citroen, one of the assignees who had an interest in this account, died, and that his legal representatives assigned his interest therein to plaintiff. It is likely this assignment was made under the authority

of some court having probate jurisdiction, whose action in respect thereto remains a matter of record. Plaintiff was permitted to establish this state of facts by parol evidence, without first being required to show that said written assignments and possible records were either lost, or destroyed, or out of his power to produce the same or an authentic copy thereof. The question under the pleadings was whether these assignments were sufficient to pass the title to said chose in action to plaintiff. How could the circuit court determine this without the assignments were produced for its inspection ? The general rule is, that the best and original evidence must be produced or its absence accounted for. These rules have been adopted and are enforced to promote certainty, and to avoid perjury and mistakes growing out of the frailty of human memory. This case, it seems to us, comes within the reason of this rule. We are of the opinion that the circuit court erred in permitting oral evidence of the execution and contents of said several written assignments to go to the jury without anything to show that they could not be produced. 2 Greenl. on Ev., sec. 481 ; *Price v. Hunt*, 59 Mo. 258 ; *Washington County v. Railroad*, 58 Mo. 372 ; *Farrell v. Brennan*, 32 Mo. 328 ; *Carr v. Carr*, 36 Mo. 408. If the objectionable testimony were excluded from the consideration of the jury, as should have been done, there was nothing left upon which they were authorized to find for the plaintiff. The testimony of Adolph Kuhn, to which there was no objection made, showed that he was present when the transfers were made and saw them signed and executed. The testimony of this witness establishes the fact that the several assignments under which plaintiff claims title to said chose in action were in writing, but it does not prove the contents of such assignments. It does not prove that the said chose in action was embraced in said assignments. It fell far short of supporting the controverted allegations in the plaintiff's

petition. Instead of permitting the case to go to the jury the court should have given the defendant's instruction in the nature of a demurrer to the plaintiff's evidence. It is very true that under the provisions of section 3462, Revised Statutes, which is a literal copy of section 111 of the Code of New York, an assignment valid as an equitable assignment is equally valid at law, and that a book account, like any other chose in action, may be assigned by parol. *Smith v. Sterrett*, 24 Mo. 262; *Boyer v. Hamilton*, 21 Mo. App. 524. But this rule does not aid the plaintiff. His is not a case of that kind. He made an effort to prove his title to the account sued upon by parol. His endeavor was to establish the existence and contents of certain written assignments by this kind of evidence without in any way accounting for the non-production of the same. This he could not do under the law of evidence. The abstract of the record, at which we must alone look, sufficiently preserved the defendant's exceptions to the several rulings of the circuit court of which he complains to impose upon us the duty of examining the questions of law they raise.

We think that the trial court, in admitting the testimony of plaintiff's witnesses, disregarded a long and well-settled rule of evidence, and for that reason we must reverse the judgment and remand the case, which, ELLISON, J., concurring, GILL, J., not sitting, is ordered accordingly.