WM. FARRELL'S ADMINISTRATOR, Appellant, v. JAMES BRENNAN'S ADMINISTRATRIX, Respondent.

*Practice.*—An error of the court in refusing to a party the opening and conclusion of a case to the jury, furnishes no ground for a new trial, unless the party has been materially injured thereby.

*Evidence.*—Evidence of the contents of letters cannot be given until their absence is accounted for, and the inability to produce them shown.

*Evidence—Sanity of Testator.*—Witnesses acquainted with testator may state their opinions as to his sanity, but should not be asked "if they thought his mind sound enough to make a will," as that would involve a question of law for the court to determine, and not the witness.

*Appeal from St. Louis Circuit Court.*

The facts are sufficiently stated in the opinion.

*A. J. P. Garesché*, for appellant.

I. The court should have permitted the witnesses to be asked their opinion as to the sanity of the testator, where they testified to facts of their own observation, or from long acquaintance with the testator. (1 Greenl. on Ev., p. 573, note 5 to § 440, 2d ed.)

The opinion of witnesses that testator, from defect of understanding, was incompetent to make a will, having been excluded by the court at *nisi prius*, held, by the Supreme Court of Pennsylvania, "that there was no plausible reason to sustain the objection. How, otherwise, could the alleged imbecility of mind be proved than by the evidence of those who grew up with him, who marked his conduct in infancy, in the prime of life, and in his decline? The opinion of the witness, without stating the ground of such opinion, ought not to be received. But where they state facts indicative of a want of common intellect, their opinion is always received. The weight it ought to have will depend upon the solidity of the reasons assigned for the opinion, and the intelligence of the witness." For this exclusion the cause was reversed. (Rambler v. Tryon, 7 Serg. & Rawle, 92; Benton v. Scott, 3 Rand., 403–405; Kenworthy v. Williams, 5 Ind. 379; Kinne v. Kinne, 9 Conn. 102; Potts v. House, 6 Geo. 336–344; Dicken v. Johnson, 7 Geo. 486; Brook et al. v. Townshend, 7 Gill. 27; reaffirmed in Stewart v. Reddil, 3 Md. 78; Roberts v. Trawick, 13 Ala. 85.)

In New York the doctrine is laid down as asked by the appellants. In Culver v. Haslam, 7 Barb. S. C. Rep., p. 321. This case was by a majority of the court (Judge Denio dissenting) reversed, and the opinion of witnesses excluded. (See DeWitt v. Barley, 9 N. Y., 5 Sel., 374.) Subsequently the cause of DeWitt v. Barley went again to the Court of Appeals, and the question finally decided by the adoption of the dissenting opinion of Judge Denio as given upon the first appeal. (DeWitt v. Barley, 17 N. Y., 3 Smith, 340; Flores v. Flores, 24 Ala. 247; McDaniels v. Crosby,

19 Ark. 546 ; 12 Ohio, Stanton's Rep., 492, Clark v. The State, and the English cases therein cited; Judge Gaston's opinion in Clary v. Clary, 2 Iredell, 84, and for which cause the case was reversed.)

In Missouri the question may be said to be decided. (Baldwin v. The State, 12 Mo. 237.) For though this be a criminal case, it is founded upon the will case of Clary v. Clary, above cited.

II. The opening or closing of the evidence in a case does not belong either to the plaintiff or defendant as such, but to the party on whom rests the affirmative of the issues. (Goss v. Turner, 21 Vt. 437.) Greenl. Ev., § 74, p. 99, ed. 1854: "Whereby the pleadings, the burden of proof of any matter in issue is thrown upon the plaintiff, he must in the first instance introduce all the evidence upon which he relies to establish his claim. He cannot, as said by Lord Ellenborough, go into half of his case and reserve the remainder," (Hathaway v. Hemmingway, 20 Conn. 195,) and particularly the case therein cited of Rex v. Beasley, 4 Carrington & Payne, 220.)

The statute (see 300 R. C. 1855, p. 1571) requiring that the petition to contest a will should be by one interested, the allegation by plaintiffs of their heirship of testator, denied by defendants, was a material allegation, and of itself entitled them to open and close the case.

If the record contains several issues, and the plaintiff holds the affirmative in any of them, he is entitled to begin. (Greenl., ed. 1854, p. 100, § 74; Jackson et al. v. Pittsford, 8 Blackford, 195.)

a. The test to determine the order of beginning at a trial is to consider "which party would be entitled to the verdict, supposing no evidence given on either side, as the burden of proof must be on the adversary. (Leete v. Gresham Ins. Co., 7 Eng. Law and Equity, 578; 1 Foster, N. H. 181; Belknap v. Wendall, 6 Pick., 226 ; Ayer v. Austin, 37 N. H. 236 ; Chesley v. Chesley, Wells v. Pike, and Colt v. Beaumont, decided at this term.)

*b.* That sanity of testator is presumed, and that the burden of proof of imbecility lays upon the plaintiff. (2 Starkie, 929; 2 Greenl. 672, § 689, ed. 1854; Dayton on Surrogate, 51; Wheeler v. Anderson, 3 Haggard's Eq. R. 598; Sloan v. Maxwell, 2 Green's Chy. R. 581; Jackson v. Vanderson, 5 John. 158; Ford v. Ford, 17 Humphrey's Tenn. 99; Grabill v. Barr, 5 Penn. 441; Landis v. Landis, 1 Grant Cases, 250; Pettes v. Bingham, 10 N. H. 515; McDaniels v. Crosby et al., 19 Ark. 545; Dend Trumbull et al. v. Gibbons, 2 Zabriskie, 155; Saxon et al. v. Whitaker, 30 Ala. 238; Stevens v. Vancleve, 4 Wash. Cir. Ct. R. 269; Brown and wife v. Sovies, 24 Barb. Sup. Ct. R. 583; Copeland v. Copeland, 32 Ala. 512.)

Where the factum of the will is admitted, the plaintiffs have the opening and close of the case.

Adverse 1 Greenl., ed. 1854, 104, § 77; the decisions referred to in this text are taken from Maine, Massachusetts or Connecticut reports. But in these States the courts, when there is a question of probate, do not presume the sanity of the testator, but require it (like any other of the four statutory conditions for the validity of a will) to be proven. (2 Gray's Mass. Rep.; Crownenshield v. Crownenshield, 524; Gernets v. Nason, 22 Me. 441; Cilley v. Cilley, 34 Me. 163; Knox's Appeal, 26 Conn. 22; Hylton v. Hylton, 1 Grat. 165; Rogers et al. v. Thomas, 1 B. Monroe, 390; Hawkins et al. v. Grimes, 13 B. Monroe, 270.)

*c.* This right of closing is not important where the presiding judge cautiously sums up the evidence. But the privilege is more important where the court is a mere silent spectator of forms, without the right of charging the jury. (6 Pickering, Ayers v. Austin, 226, quoted as authoritative in Searcy v. Dearborn, 19 N. H. 335; Carico v. Kirby, 3 Cranch, Ct. Ct., 594.)

In Cravens v. Falconer, 28 Mo., the issue was the signature of the will, and of course executor or proponents of will should open and close. Wells v. Pike, and Colt v. Beaumont, decided this term, do not conflict.

*R. M. Field*, for respondents.

This was a proceeding in St. Louis Circuit Court, under the statute of wills, instituted by the heir of Michael Farrel to contest the probate of the will of the latter, which had been allowed in common form in the Probate Court.

In the Circuit Court the statutory issue was tried before a jury. On the trial two exceptions were saved by the appellant:

1. That the respondents representing the party propounding the will were allowed by the court the opening and clossing of the testimony and argument.

2. That the respondents, after adducing evidence in the opening to prove the formal execution of the will, were allowed in reply, after the appellant's testimony was given, to put in testimony of the capacity of the testator.

For the respondent it is insisted, that the course adopted by the court below was strictly conformable to the established rules of practice. (Cravens v. Falconer, 28 Mo. 19.)

That the matters of exception go only to the form of procedure, which is in the discretion of the trial court; and where no injustice appears to have been suffered by the party, they furnish no ground for reversal in this court.

BAY, Judge, delivered the opinion of the court.

Plaintiff filed his petition in the St. Louis Circuit Court, under our statute of wills, to contest the validity of an instrument of writing purporting to be the last will of Michael Farrel, deceased. The petition alleges that at the time of the execution of the said supposed last will and testament the said Michael Farrell was not of sound and disposing mind, and by reason thereof incapable of making a will. This is the only issue presented by the pleadings in the cause.

The trial was by jury, and a large amount of evidence was given relating to the condition of the testator's mind. The court gave several instructions, and refused several asked by plaintiff, but as no point was made with reference to them, we proceed to notice the grounds relied upon by plaintiff for a reversal of the judgment.

1. It is insisted that the court erred in allowing the defendant the opening and closing of the testimony and argument.

This point was made in Cravens v. Falconer, 28 Mo. 19. That was a proceeding under our statute to contest the validity of a will, and Judge Richardson, in delivering the opinion of the court, contended that the *onus* was upon the defendant, and consequently that he had a right to open and close the case. However important it may be to observe uniformity upon all questions of practice, yet we are not satisfied with the rule laid down in that case. The authority cited in support of it is 1 Greenl. Ev. 77; but the rule as there laid down is in reference to the *probate of a will*, and the authorities cited in Greenleaf all relate to the *probate of a will*, in which an appeal was taken from the Probate Court, and a trial *de novo* had. In such cases the *onus* must be upon the party seeking to have the will probated, and he should have the right to open and conclude the case; but this is a statutory proceeding to contest the validity of the will upon the ground of incapacity in the testator, and can be only instituted after the will has been probated. The petition admits the formal execution of the will, and that it has been in due form admitted to probate, but seeks to set it aside upon the ground above stated. The *onus* therefore must be upon the party attacking the will. But as this is a question of practice, an error of the court relating thereto furnishes no ground for a new trial, nor will we disturb the verdict on that account, unless satisfied that the party has been materially prejudiced thereby.

The next point made by the appellant is that the court erred in excluding from the jury a part of the deposition of one John Roddy, in which the deponent undertook to state the contents of certain letters, addressed by Michael Farrell, in his life-time, to his father in Ireland.

There was no proof in the case accounting for the absence of the letters, nor any evidence to show that plaintiff had made any effort to produce them; the deposition was, therefore, clearly inadmissible.

The third ground assigned for error is that the court refused to permit plaintiff to put a question to the witnesses in the following form:

" From your knowledge of him, would you think his mind sound enough to make a will?"

The question is objectionable as tending to elicit from the witness his opinion as to the *quantum* of intelligence, or mental capacity, that is necessary to enable a party to make a legal disposition of his estate. In other words, it involves a question of law for the court to determine, and not the witness.

Witnesses who have had opportunities for knowing and observing the conversation, conduct and manners of the person whose sanity is in question, may depose not only to particular facts, but to their opinions or belief as to the sanity of the party, formed from actual observation. (See 1 Jarman on Wills, 75.)

The appellant in this case seems to have concluded, that, in sustaining the objection to the question in the form propounded, the court intended to hold that opinions of witnesses upon the question of the testator's sanity were inadmissible; but it is very evident that such was not the ruling of the court, for nine tenths of the record are taken up with the opinions of witnesses on both sides, and the reasons for such opinions. All of which the jury had in evidence before them.

The other judges concurring, the judgment will be affirmed.