GEORGE W. CONSELYEA et al., Respondents, *v.* FRANCIS SWIFT, Appellant.

Plaintiffs' complaint set forth a cause of action against defendant as indorser of a promissory note. The answer did not deny any of the averments of the complaint, but alleged, in substance, that defendant was an accommodation indorser, and that the note was, in fact, paid out of moneys in the hands of plaintiffs' testator (the payee) applicable thereto. Also, "that the said plaintiffs are not the lawful owners and holders of said

note, and that he is not indebted to them thereupon in any sense what-
ever." *Held*, that the defendant had the affirmative, and the right
to open and close the case; and that the denial of this right was error,
requiring a reversal of a judgment in favor of plaintiffs.

(Argued November 24, 1886; decided December 7, 1886.)

APPEAL from judgment of the General Term of the Supreme ·
Court, in the second judicial department, entered upon an order
made February 9, 1885, which affirmed a judgment in favor of
plaintiffs, entered upon a verdict.

The nature of the action and the material facts are stated in
the opinion.

*James Troy* for appellant. Defendant had the affirmative
of the issue, and the denial of his right to open and close the
case was error. (*Elwell* v. *Chamberlain*, 31 N. Y. 611; *Miller*
v. *Thorn*, 56 id. 402; *Linsey* v. *European Pet. Co.*, 3 Lans.
176; *Murray* v. *N. Y. L. I. Co.*, 85 N. Y. 386; *Conklin* v.
*Conklin*, 20 Hun, 278; *Opper* v. *Caillon*, 9 Daly, 157; *De
Graff* v. *Carmichael*, 13 Hun, 129; *Huntington* v. *Conkey*,
33 Barb. 218; *Hoxie* v. *Green*, 37 How. Pr. 97 · *Lindsley* v.
*Petroleum Co.*, 10 Abb. [N. S.] 107.)

*J. Stewart Ross* for respondents. If plaintiffs had to give
any evidence in order to be entitled to a verdict for the amount
claimed, they had the right to begin by opening the case to the
jury and adducing the evidence first. (Abbott's Trial Brief,
30; 2 Greenl. on Ev., § 163; Bouvier's Inst., § 3043.) De-
fendant's answer failing to unqualifiedly admit every material
allegation of plaintiffs' complaint, and specifically denying a
material fact necessary to be proven to entitle plaintiffs to re-
cover on the seventh cause of action alleged in the complaint,
the right to open remained with the plaintiff. (Abb. Trial
Brief, 34; Best's Right to Begin and Reply, 93; *Geach* v. *In-
gall*, 14 W. & W. 95; *Thurston* v. *Kennett*, 22 N. H. [2 Fost.]
157; *Belknap* v. *Wendell*, 21 id. 175; *Comstock* v. *Had-
lynn, etc.*, 8 Conn. 254; *Lexington Ins. Co.* v. *Paver*, 16 Ohio,
324; *Bowen* v. *Spears*, 20 Ind. 146.)

Danforth, J. The complaint contains seven causes of action. As to the first six no question arises. The seventh makes out a perfect case upon a promissory note against the defendant as indorser, and the answer denies none of the plaintiffs' allegations, but sets up affirmatively that the defendant was an accommodation indorser and that the note was in fact paid out of moneys in the hands of the plaintiffs' testator, applicable thereto. The defendant adds, upon information and belief, " that the said plaintiffs are not the lawful owners and holders of said note, and that he is not indebted to them thereupon in any sum whatever." This clause is relied upon by the respondents as an answer to the appeal. It is not sufficient. It is not a denial of any averment. Neither of the facts so controverted are alleged in the complaint. It is merely an affirmative statement of a conclusion drawn from the preceding new matter in the answer, and while it might have been omitted as wholly unnecessary, it put in issue no part of the plaintiffs' case. The whole burden of proof lay upon the defendant, and without evidence the plaintiff was entitled to a verdict. (*Fleischmann* v. *Stern*, 90 N. Y. 110.) Defendant claimed on the trial that under the pleadings he had the right to open and close the case, but the court decided otherwise.

The learned counsel for the respondent has placed upon his points cases from the reports of other States. We do not refer to them, for our own Code upon this subject is very explicit and requires each material allegation in the complaint, not controverted by the answer, to be taken as true. (§ 522.) In this case, as before suggested, no allegation is denied. It was, therefore, for the defendant to establish the defense set up, and as he thus held the affirmative, he had the right to open and close the evidence, and the learned trial judge erred in ruling to the contrary.

The judgment appealed from should, therefore, be reversed and a new trial granted, with costs to abide the event.

All concur, except Ruger, Ch. J., and Finch, J., not voting.

Judgment reversed.