JOSEPHUS PLENTY, RESPONDENT, v. ARTHUR E. RENDLE, APPELLANT.

*Right to open and close the case — a judgment will be reversed ~ecause of an error of the trial court in deciding it.*

The plaintiff set up in his complaint, *in hæc verba*, a promissory note, and alleged that it was given as evidence of an existing indebtedness, stating the circumstances under which such indebtedness arose. The defendant admitted the making of the note, and alleged facts tending to show that nothing was due thereon. Upon the opening of the case by the plaintiff at the trial, he stated that he relied solely upon the note, the making of which was not denied.

*Held*, that, the court erred in denying a motion made by the defendant to be allowed to open and close the case.

*Conselyea* v. *Swift* (103 N. Y., 604) followed; *Claflin* v. *Baere* (28 Hun, 204) distinguished.

APPEAL by the defendant from a judgment entered on a verdict, and from an order denying a motion for new trial made on the minutes of the justice before whom the action was tried.

*Henry H. Man*, for the appellant.

*F. E. Parker* and *G. L. Prentiss*, for the respondent.

VAN BRUNT, P. J.:

The plaintiff in his complaint in this action sets up *in hæc verba* a promissory note, and alleged that the said promissory note was given by the defendant to the plaintiff as evidence of an indebtedness then existing from the defendant to the plaintiff. Then follows an allegation of the circumstances under which such indebtedness arose. The defendant, in his answer, admitted the making of the promissory note in question, and alleged certain facts tending to show that nothing was due thereon. Upon the opening of the case by the plaintiff at the trial, the counsel for the plaintiff stated that he relied solely upon the note set forth in the complaint, the making of which was not denied by the answer. Thereupon the defendant's counsel moved that he be allowed to open and close the case, which motion was denied and an exception taken. That the right to open is a substantial one is recognized by the Court of Appeals in the case of *Conselyea* v. *Swift* (103 N. Y., 604), in which case

the judgment was reversed because the right to open was denied to the defendant, and solely for that reason. In the case at bar the plaintiff, relying solely upon the promissory note, which was admitted in the pleadings, had nothing to prove, and the defendant was entitled to the affirmative. The objection was taken in time, because, from the nature of the allegations in the complaint, the defendant had reason to suppose that the plaintiff intended to rely for his right to recover upon proof of the contract between the plaintiff and defendant, out of which the note in question arose; and the first notice that the defendant had that he intended to rely solely upon the promissory note, was given when the plaintiff opened the case, stating that to be his sole cause of action.

It also appears from the requests of the plaintiff's counsel to charge, that that was his position, because he requested the court to charge the jury that having put the note in evidence (which was an entirely unnecessary procedure, as the note was admitted by the pleadings) it made a *prima facie* case for the plaintiff, and that the burden of proof was on the defendant, which the court substantially charged. Thus it appears that the court, having determined that the burden of proof was upon the defendant, nevertheless refused the defendant the substantial right of opening and closing to the jury. This seems to have been error.

The case of *Claflin* v. *Baere* (28 Hun, 204) is not opposed to this view. The court construed the complaint in that case to allege that the amount agreed to be paid for the goods mentioned therein became due prior to the commencement of the action, and that the answer denied this allegation in the complaint and required the plaintiff to prove that the price for the goods became due prior to the commencement of the action before a recovery could be allowed, thus throwing the burden of proving the contract upon the plaintiff, which was not the case in the action at bar.

The judgment must be reversed and a new trial ordered, with costs to the appellant, to abide the event.

Bartlett and Lawrence, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant, to abide event.