THE LAKE ONTARIO NATIONAL BANK, Respondent, *v.* DAVID H. JUDSON, Appellant.

*Court of Appeals. October* 7, 1890.

Affirming 45 Hun, 95, Mem.

1. *Appeals.*—For the purpose of a review in the court of appeals, the findings and determination of the court below must be deemed conclusive where the claim and evidence on the part of one party are disputed by the evidence on the part of the other party.

2. *Trial. Affirmative.*—The rule that the party who has the affirmative of the issues in an action shall have the opportunity to make the opening and closing presentation of this case, has ordinarily more practical importance in its application to trials by jury than in those before the court without jury and before referees; and in the latter case, the question is dependent upon the circumstances of each case.

3. *Same.*—The issues of fact, as ascertained by reference to the pleadings, must govern so far as relates to the right of the parties to open the case at the beginning and conclude the argument at the close of the trial. The admission of a fact upon the trial is evidence merely, and does not change the issue as represented by the pleadings.

4. *Same.*—If the defendant wishes to obtain the right of opening and concluding the trial, he must frame his pleading with that view, and so as to present no issue upon any allegation of the complaint essential to the plaintiff's alleged cause of action. The test is whether, without any proof, the plaintiff upon the pleadings is entitled to recover upon all the causes of action alleged in his complaint.

Appeal from a judgment of the general term of the supreme court, affirming a judgment entered upon the decision of the court.

*H. C. Benedict* and *Miller, Lewis & Judson,* for appellant.

*S. C. Huntington, Jr.,* for respondent.

BRADLEY, J.—The contest on the trial mainly had relation to the defendant's alleged counterclaim for services, upon which claim he gave evidence to the effect that they were performed by him pursuant to an agreement with the plaintiff, by which the latter undertook to pay him $2,500, of which $160 had been paid. This claim and the evidence on the part of the defendant tending to support it were disputed by the evidence on the part of the plaintiff. And the trial court found the facts against the defendant. For the purpose of this review the findings and determination of the court below must be deemed conclusive. Upon the trial the question as to which party was entitled to the closing argument was raised ; the court held that the plaintiff had the right to it, and the defendant excepted. The rule that

the party having the affirmative of the issues in an action shall have the opportunity to make the opening and closing presentation of his case is deemed founded upon a substantial right, the denial of which is error. Conselyea *v.* Swift, 103 N. Y. 604 ; 4 N. Y. State Rep. 278. In its application to trials by jury it has ordinarily more practical importance than in those before the court without a jury and before referees. If it appears that a party could not have been prejudiced by the failure of the court to observe the rule, the error would not be available ; and in trials by the court without jury or before referees, that question would be dependent upon the circumstances of each case. In the present case the view of the court evidently was that the affirmative of the entire issues was not with the defendant ; and that is the question presented for consideration. The denial by the defendant in his answer, except as therein admitted, of each and every allegation of the complaint, put in issue any material allegation of the complaint not distinctly admitted by the answer. Allis *v.* Leonard, 46 N. Y. 688 ; 22 Alb. L. J. 28 ; Calhoun *v.* Hallen, 25 Hun, 155. The charge in the complaint, in due form, of the indebtedness of the defendant to the plaintiff for the amount advanced to him upon his check in excess of the balance of his account with the plaintiff, was not admitted by the answer, but was controverted by such denial.

It appears that after the trial had been moved and the plaintiff by his counsel had by statement of it made the opening of the case to the court, the defendant orally admitted the count of the complaint alleging the overdraft. The plaintiff then proceeded to prove the signature of the defendant to the notes and the endorsement by the payee, and rested. It seems that the plaintiff deemed it necessary to make this proof, perhaps for the reason that the allegation in the answer of the making and delivery of the notes by the defendant to plaintiff was treated as not sufficient upon which to rest, coupled as it was with the further allegation

of their consideration, as the foundation of the counterclaim, alleged to have arisen out of a warranty and its breach. The apprehension may have been that the adoption of the admission in the answer of the making and delivery of the notes could not be severed from what was alleged as the consideration out of which they arose, within the principle that when an admission of a fact is made in connection with that of another, which nullifies the effect of it, the entire statement must be taken together. Gildersleeve *v.* Landon, 73 N. Y. 609. Assuming as we do that such rule of construction was not applicable to this admission in the answer, and that no proof of the execution or endorsement of the note was necessary, the question arises whether the oral admission at the trial of the plaintiff's claim for the amount of the defendant's overdraft entitled him to the right of closing the argument on the final submission of the case to the court for determination. And that depends upon the question whether the affirmative of the issue with a view to such right must be ascertained from the pleadings or may arise from admissions orally made at the trial. The issues to be tried can be ascertained only by reference to the pleadings ; and they must govern so far as relates to the right of the parties to open the case at the beginning and conclude the argument at the close of the trial. When the parties go to trial they respectively assume the burden of establishing that which they have affirmatively alleged as the cause of action or counterclaim, if it is controverted by allegation sufficient to put it in issue. The admission of a fact upon the trial is evidence merely. It may obviate the necessity of further trial of the issue to which it relates, but does not change it as represented by the pleadings. That can be done by amendment only.

It is true the admission made at the trial may reduce the controversy to matter as to which the affirmative is with the defendant. Such would be the effect of evidence of any character undisputed and indisputable of the facts con-

stituting the alleged cause of action. The right under consideration does not depend simply upon the admission of those facts unless they are admitted or uncontroverted by the answer, otherwise it is evidence only. There is no occasion to extend the rule so as to give effect for such purpose to concessions at the trial. This might lead to the adoption of such a course when further dispute of the facts upon which a plaintiff relies may appear hopeless to a defendant, for the purpose of obtaining the right of closing the trial. There is no apparent reason for applying such rule to any one more than to any other stage of the trial. The defendant who may wish to take the right of opening and concluding the trial must frame his pleading with that view, and so as to present no issue upon any allegation of the complaint essential to the plaintiff's alleged cause of action. If the defendant fail to do that, no matter how little proof the remaining issue may require, or how easily, or in what manner it may be established by evidence, the right of the plaintiff to open and close the case is not denied to him. Mercer *v.* Whall, 5 Adol. & Ellis, N. S. 447. The test is whether without any proof the plaintiff upon the pleadings is entitled to recover upon all the causes of action alleged in his complaint. If he is, and the defendant alleges any counterclaim controverted by the plaintiff's pleading, or any affirmative matter of defense in avoidance of the plaintiff's alleged cause of action, and which is the subject of trial, the defendant has the right to open and close, otherwise not. Huntington *v.* Conkey, 33 Barb. 218 ; Elwell *v.* Chamberlin, 31 N, Y. 614 ; Murray *v.* N. Y. Life Ins. Co., 85 Id. 236. The production of the note sued on, and the computation of interest proved, are not embraced in the facts essential to the cause of action. If the defendant, by permission of the court, had stricken out the denial in his answer, or amended it by inserting the admission orally made, a different question would have been presented at

the trial upon the claim of the defendant to the right to conclude it.

No other question requires the expression of consideration.

The judgment should be affirmed.

All concur, except FOLLETT, Ch. J., not sitting.