### CLARKSON v. MEYER.

*(City Court of New York, General Term. April 24, 1891.)*

1. TRIAL—BURDEN OF PROOF—RIGHT TO CLOSE.
   The only allegation in a complaint on a note, in reference to the ownership of the note, was that "the note was, for value received, transferred and delivered to this plaintiff," and this was the only allegation denied by the answer. At the trial defendant admitted "the naked ownership of the note in plaintiff." *Held*, that plaintiff was entitled to put the note in evidence to prove that he was the holder before maturity and for full value, and that, therefore, he held the affirmative, and was entitled to make the closing address to the jury. EHRLICH, C. J., dissenting.

2. SAME—SUBSTANTIAL RIGHT.
   The right of the party holding the affirmative to make the closing address to the jury is a substantial right, the denial of which entitles him to a reversal of the judgment.

Appeal from trial term.

Action by Floyd Clarkson against Philip L. Meyer. Plaintiff appeals from a judgment for defendant entered on the verdict of a jury.

Argued before EHRLICH, C. J., and VAN WYCK and NEWBURGHER, JJ.

*Emanuel J. Myers*, for appellant. *James Dunne*, for respondent.

VAN WYCK, J. The complaint was upon a promissory note made by defendant, Meyer, to his own order, and indorsed by him and one Yeaton. The only allegation of the complaint which it was necessary for plaintiff to prove against Meyer (the only defendant at trial) that was denied by the answer was that "the note was, for value received, transferred and delivered to this plaintiff." This was the only allegation in the complaint in reference to the ownership of the note. The denial in Meyer's answer was as follows: "Upon information and belief he denies that said note was transferred or delivered to plaintiff for value received." This was the condition of the pleadings when the trial began, and the plaintiff had to come prepared to prove the truth of that allegation of his complaint by affirmative evidence, and he was so prepared with the note, the inanimate witness. He was met here by this admission from defendant, Meyer: "Defendant's counsel admits the naked ownership of the note in the plaintiff." This was not enough. The plaintiff was entitled to more, and he availed himself of his rights, and put the note in evidence, and then rested; and thereupon he had in law proved, not only that he was its holder, but that he was so before maturity, and for full value; and hence it follows that the plaintiff held the affirmative, and was entitled to the opening and closing address to the jury, whether the question as to who holds the affirmative is to be ascertained from the pleadings alone, as the court of appeals has held in *Lake, etc., Bank* v. *Judson*, 122 N. Y. 278, 25 N. E. Rep. 367, or from the rule which prevails in some other states, that the party who holds the affirmative can be ascertained both from the pleadings and the oral admissions in open court at the commencement of the trial. The affirmative, and the consequent right to make the closing address to the jury by the plaintiff, was in this case, now on appeal, a substantial right, the denial of which entitles him to a reversal of the judgment; and that he was so denied appears in the record at folio 220, when the testimony was closed as follows: "Plaintiff's counsel asks leave to sum up to the jury last. Motion denied. Plaintiff excepts." That the right to open and close to the jury by the party holding the affirmative is a substantial right, the denial of which alone will justify the reversal of a judgment, was squarely passed upon by the court of appeals in *Conselyea* v. *Swift*, 103 N. Y. 604, 9

N. E. Rep. 489, in which Judge DANFORTH, writing for reversal, says: "It was therefore for the defendant to establish the defense set up, and, as he thus held the affirmative, he had the right to open and close, and the learned trial judge erred in ruling to the contrary. The judgment appealed from should therefore be reversed, and a new trial granted." In the *Lake Bank Case*, 122 N. Y. 278, 25 N. E. Rep. 367, the rule is laid down that, in order to ascertain who has the affirmative, the investigation must be confined to an examination of the pleadings only, and that no consideration must be given to the oral admissions at trial. And Judge BRADLEY, in his opinion filed in that case on October 7, 1890, says: "The question arises whether the oral admission at the trial of the plaintiff's claim for the amount of the defendant's overdraft entitled him to the right of the closing argument on the final submission of the case to the court for determination; and that depends upon the question whether the affirmative of the issue, with a view to such a right, must be ascertained from the pleadings, or may arise from admissions orally made at the trial. The issues to be tried can be ascertained only by reference to the pleadings, and they must govern, so far as relates to the right of the parties to open the case at the beginning and conclude the argument at the close of the trial. The admission of a fact upon the trial is evidence merely. The test is whether, without any proof, the plaintiff, upon the pleadings, is entitled to recover upon all the causes of action alleged in his complaint." In the points an unjustifiable criticism is made upon the case of *Katz* v. *Kuhn*, 9 Daly, 166, for it can be safely said that that case is good law. Judge VAN HOESEN, in writing to sustain a trial judge of this court who had ruled that a counsel who appeared for three defendants, one of whom had admitted in his answer all the allegations of the plaintiff's complaint, and set up the affirmative defense of usury, had the right of closing to the jury, says: "At the beginning of the trial the counsel for all of the defendants [Kuhn, the maker, and Roediger and Koenig, indorsers of the note] claimed the right to open the case, and said that the action was on a note, and the defense was usury. Kuhn, the maker, was entitled to begin, for he had the burden of proof upon him, and it was not necessary for the plaintiff to prove the demand and notice of non-payment in order to recover against him. It was not in the power of the plaintiff to deprive him of that right by joining as defendants in the action the two indorsers. If it were erroneous for the court to deny the opening to the plaintiff as against Roediger and Koenig, it would have been quite as erroneous to deny Kuhn the opening on the issue joined between him and the plaintiff." After examination and consideration of the whole case on appeal, it is concluded best to reverse the judgment and grant a new trial, with costs to appellant to abide the event.

NEWBURGHER, J., concurs.

EHRLICH, C. J., (*dissenting.*) The court of appeals in *Lake, etc., Bank* v. *Judson*, 122 N. Y. 278, 25 N. E. Rep. 367, holds that the test in determining which side has the affirmative of the issue is to inquire whether, without any proof, the plaintiff, upon the pleadings, is entitled to recover upon all causes of action alleged in his complaint. See page 284, 122 N. Y., and page 369, 25 N. E. Rep. We would willingly subscribe to this view of the law, but for the fact, on which the trial judge no doubt acted, that our appellate tribunal (the court of common pleas) has decided that the right to open and close the case is to be determined, not from the pleadings alone, but from the admissions of counsel at the commencement of the trial. *Katz* v. *Kuhn*, 9 Daly, at page 166. Judge VAN HOESEN in that case says: "It is difficult to see any good reason why the form in which the defendant admits that the plaintiff will be entitled to recover, unless an affirmative defense is established, should control the substantial rights of the parties;" and, following the same line of

argument, he states: "There is no good reason for a distinction between the effect of an admission in the pleadings and the effect of an admission made at the trial;" and a judgment in an action, in which the defendant has been awarded the affirmative, was, under circumstances similar to those disclosed here, affirmed. We must follow *Katz* v. *Kuhn, supra*, until the common pleas reconsiders its rule. The defense to the note sued upon was fraud, and it was established to the satisfaction of the jury, for they found a verdict in favor of the defendant. When the fraud was proved it became the duty of the plaintiff to show that he was a *bona fide* holder for value; that is to say, that he parted with money or something of value on the faith of the note sued upon. *Coddington* v. *Bay*, 20 Johns. 637; *Stalker* v. *McDonald*, 6 Hill, 93; *Farrington* v. *Bank*, 24 Barb. 555; *Moore* v. *Ryder*, 65 N. Y. 438; *Bank* v. *Diefendorf*, 123 N. Y. 191, 25 N. E. Rep. 403. The plaintiff parted with nothing here, unless it be a check of $150, and in reference to that the plaintiff made no request for a verdict for that amount. The plaintiff tried the case on the theory that he was entitled to the whole amount claimed or nothing, and he is bound by the position he then took. The defendant's counsel requested the trial judge to charge that "if plaintiff, in taking the note in suit, paid only $150 in cash to Mr. Yeaton, then the plaintiff can recover only the amount so paid." The court refused so to charge, and the plaintiff apparently acquiesced in this ruling, a circumstance confirming the plaintiff's theory that he was entitled to all or nothing. In addition to this the plaintiff was the only witness as to the payment, and, being interested, the jury are not bound to believe his statement in that regard. *Gildersleeve* v. *Landon*, 73 N. Y. 609; *Honegger* v. *Wettstein*, 94 N. Y. 252–261. The plaintiff did not move for a direction in his favor. Indeed, he tried the case on the assumption that the jury would award him all he demanded. It was misplaced confidence. It has been held that by not asking the court to direct a verdict in his favor the party conceded that there was sufficient evidence to carry the case to the jury, and having consented to a decision by that tribunal, and having taken his chances of a favorable verdict, which would have concluded his opponent upon the facts, he should not afterwards be permitted to allege that the verdict is without evidence, or insufficiently supported by the evidence, and for that reason against law. *Rowe* v. *Stevens*, 34 N. Y. Super. Ct. 436; *Sickels* v. *Gillies*, 45 How. Pr. 94; *Pollock* v. *Brennan*, 39 N. Y. Super. Ct. 477. For these reasons, and those assigned by the learned trial judge in his opinion denying the motion for a new trial, the judgment appealed from should be affirmed, with costs.