(97 App. Div. 126.)
### In re HOPKINS' WILL.

(Supreme Court, Appellate Division, Second Department.　July 28, 1904.)

1. WILLS—PROBATE—ISSUE AS TO REVOCATION—BURDEN OF PROOF—OPENING AND CLOSING.

   Where proceedings for probate of a will are, on appeal from a decree admitting the will to probate, remitted for a trial to determine whether the will was revoked by testator, the signature being canceled, contestant has the burden of proof, and therefore is entitled to open and close.

2. SAME—WAIVER OF RIGHT.

   Contestant, who, on a trial to determine whether testator revoked the will, excepts to the court's ruling that he is not entitled to open and close, does not waive his right to urge his exception on appeal by thereafter asking the court to charge that proponent has the burden of proof.

Appeal from Trial Term, Westchester County.

In the matter of the probate of the will of Robert E. Hopkins, deceased.　From an order denying a motion to set aside the verdict and for a new trial, contestant appeals.　87 N. Y. Supp. 793.　Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Joseph W. Middlebrook, for appellant.

Charles Blandy, for respondent Fanny W. Hopkins.

Ernest I. Edgcomb, for respondents Pompey Congregational Church, Pompey Academy, and Pompey Cemetery.

James MacGregor Smith, for respondents American Board of Commissioners for Foreign Missions and the Congregational Home Missionary Society.

JENKS, J.　On the outset the contestant asked to open, in that he had the affirmative.　The executor made like request for the same reason.　The court ruled with the executor, and she opened and closed the case.　I am of opinion that the exception to this ruling was well taken, and that the judgment should be reversed.

In the Surrogate's Court the will was admitted to probate.　We affirmed the decree.　The Court of Appeals remitted the proceedings for a trial before a jury in the Supreme Court to determine whether the will in question was revoked by the testator.　In re Hopkins' Will, 172 N. Y. 360, 370, 65 N. E. 173, 92 Am. St. Rep. 746.　The remittitur reads that the proceedings be "remitted to Westchester county for a trial before a jury in the Supreme Court to determine whether the will in question was revoked by the testator."　When this contention to open the case arose, the trial court had before it this remittitur and the order of the Surrogate's Court based thereon.　In Heilbronn v. Herzog, 165 N. Y. 98, 58 N. E. 759, the court, per Werner, J., say:

"It is the well-settled rule in this state that the party holding the affirmative upon an issue of fact has the right upon the trial to open and close the proof, and to reply in summing up the case to the jury.　This is regarded as a legal right, not resting in the discretion of the court; and a denial thereof may be excepted to, and the ruling reviewed upon appeal.　Millerd v. Thorn, 56 N. Y. 402; Merzbach v. City of New York, 163 N. Y. 16 [57 N. E. 96].　The general rule upon this subject is that, if the plaintiff, without giving any evi-

dence, is entitled to recover upon the pleadings, the affirmative of the issue rests with the defendant."

In L. O. N. Bank v. Judson, 122 N. Y. 278, 25 N. E. 367, the court, per Bradley, J., hold that the defendant who wishes to open and close may plead so as to present no issue upon any of the plaintiff's essential allegations. "If the defendant fail to do that, no matter how little proof the remaining issue may require, or how easily or in what manner it may be established by evidence, the right of the plaintiff to open and close is not denied to him. Mercer v. Whall, 5 Ad. & El. N. S. 447." Werner, J., rests the general rule in Heilbronn v. Herzog, supra, upon L. O. N. Bank v. Judson, supra. This was a trial judicially limited to a single question—revocation. The will is in existence. The signature is canceled by 14 almost-perpendicular ink lines drawn across it. This may or may not constitute revocation, and the purpose of the trial was to determine that one question. The fact that there is a question of revocation implies that there may not have been revocation. A verdict that there was no revocation would leave the will unrevoked. The presumption is that the cancellation was subsequent to execution. 1 Jarman on Wills (Randolph & Talcott Ed.) p. 304. As I have said, the isolated fact that the signature to the paper was canceled is not enough to establish even a presumption of revocation. There is no presumption from the mere existence of the will that it was last in the possession or the custody of the testator. Hence, before even a presumption of revocation could be raised, it must be shown that the will, when found in the testator's possession or custody, was there found thus canceled. In re Hopkins' Will, supra. See, too, Williams on Executors, vol. 1, 208; Greenleaf on Evidence (15th Ed.) vol. 2, § 681, note 7, citing cases which mark the distinction. Upon the issue thus defined, if neither party had offered evidence, which would prevail? Surely not he who asserted revocation, for as much as the cancellation of the signature was not enough, even, to raise a presumption that it was by the hand or at the instance of the maker of the will. As we have seen by the excerpt from the opinion in L. O. N. Bank v. Judson, supra, it is of no moment how little proof may be required, or how easily it may be forthcoming, or in what manner. He who must produce it has the right to open the case. In Patten v. Cilley (C. C.) 46 Fed. 892, the court, per Aldrich, J., in discussing this very question, say: "And by the term 'holding the affirmative' is intended the primary affirmative." Wharton on Evidence (section 894) says: "It is further clear that the burden of showing that a once valid will has been revoked by mutilation will lie upon the party who undertakes to prove the revocation," citing authorities. And see Patten v. Cilley, supra; Farrell's Adm'r v. Brennan's Adm'x, 32 Mo. 328, 333, 82 Am. Dec. 137; McClintock v. Curd, 32 Mo. 411; Higgins v. Carlton, 28 Md. 115, 143, 92 Am. Dec. 666; Edelen v. Edelen, 6 Md. 288; In re Singleton's Will, 8 Dana, 315; Behrens v. Behrens, 47 Ohio St. 323, 25 N. E. 209, 21 Am. St. Rep. 820; Jones v. Jones, 137 N. Y. 610, 33 N. E. 479; Bailey on Onus Probandi, who cites some of these cases.

The learned counsel for the respondent says that "the general rule as laid down in the text-books is that in all controversies of this character the right to open and close lies with the proponent of the will,"

and cites an extract from 15 Ency. Pl. & Pr. p. 197. The material part, as printed in his points, is that the proponent has the opening and conclusion, "even in cases where a bill is filed to set aside a will already probated." But the learned counsel did not notice—at least he did not print—the full sentence in the Encyclopædia, namely, "though the reason of this rule is not apparent, for it would seem that after probate the will should be presumed to be valid." The cases cited in the Encyclopædia to support this sentence quoted by the respondent may be discriminated. While they present the feature of a prior probate, yet invariably on the trial in which the ruling was made the factum of the will was challenged anew, despite the prior probate, either pursuant to the practice or by direction of a statute. Thus, in Mathews v. Forniss, 91 Ala. 157, 8 South. 661, the decision is based upon Hill v. Barge, 12 Ala. 687, and on Lyons v. Campbell, 88 Ala. 462, 7 South. 250, and in both cases the statute afforded a bill in chancery whereby the entire issue was tried. Rigg v. Wilton, 13 Ill. 15, 54 Am. Dec. 419, is decided on the authority of Higdon's Heirs v. Higdon's Devisees, 6 J. J. Marsh. 48, and of Rogers v. Thomas, 1 B. Mon. 390. Higdon's Heirs v. Higdon's Devisees challenged the factum of a will, and so did Rogers v. Thomas, pursuant to the authority of a statute affording a bill in chancery for that purpose. Bevelot v. Lestrade, 153 Ill. 625, 38 N. E. 1056, was a bill to set aside the will for mental incapacity and undue influence, and so, also, was Vancleave v. Beam, 2 Dana, 155. The other authorities cited by the learned counsel are chiefly in cases when the will must be established in the first instance, no matter by how slight, or by how formal, proof; when the attack was upon the factum of the will, and not when, as under this issue, there was no question as to the factum of a will, but simply whether the testator had undone that which had been well done, and which, if he had not undone it, was still, in the eye of the law, well done.

The learned counsel for the respondent insists that the contestant waived his right by this request: "I ask your honor to charge that the burden of proof is upon those proposing the will, namely, Mrs. Hopkins, to show that the marks on the signature were not made by Robert E. Hopkins." This was charged. The exact language of the request is important. It is not as to the burden of proof on the whole case, but as to the burden of proof of showing that the marks on the signature were not made by the testator. It is true that the executor proved a prior and vain search for the will, but she thereafter proved by Mr. Warren that he finally found the will in a drawer of the testator's desk, in its present condition; i. e., with the ink marks across the signature. This, then, was evidence offered by the executor that the will in its present condition was last in the possession of the testator. Hence arose the presumption that the cancellation was by his hand, or at his instance (In re Hopkins' Will, 172 N. Y. 363, 65 N. E. 173, 92 Am. St. Rep. 746); and, consequently, while the burden of proof upon the whole case never shifted, yet there arose the necessity of evidence on the part of the executor to show that the marks were not made by the testator. But assume that the request referred to the burden of the issue itself. The court had theretofore in effect ruled that the executor bore this burden when it gave to her the right to open the case. The

contestant had excepted to this ruling, and I think that he did not waive his right to urge his exception upon appeal because he thereafter submitted to the law of that case as then decided by the court. In Fireman's Ins. Co. v. Schwing, 11 S. W. 14, decided by the Court of Appeals of Kentucky, at the opening the court ruled as to the burden of proof, and the appellant excepted. The court say:

"It is also contended that the appellant waived its right to insist upon the alleged errors in this court for the reason that its counsel asked for an instruction to the effect that the burden was on the plaintiff, and they must believe from a preponderance of the testimony that the fall of the building," etc. "The court had decided that such was the law of the case, and the defendant, having reserved his exception, was not required further to insist that his client had assumed or was entitled to the burden. He was left no other ground on which to base his defense, and was compelled to acquiesce."

The right sought was substantial, and the denial thereof was error. L. O. N. Bank v. Judson, supra, citing Conselyea v. Swift, 103 N. Y. 604, 9 N. E. 489. The judgment should be reversed, and a new trial granted.

Order denying contestant's motion to set aside the verdict and for a new trial reversed, and motion granted; costs to abide the final award of costs. All concur.