testifies that he knows the parties and that his name is on the check. He is then asked:

"Do you know what that money was for? (Objected to by plaintiff, and ruled out, under exception by defendant.) Q. Was that check drawn for the purpose of loaning to the plaintiff in this action this sum of $100 by the defendant in this action? (Objection sustained. Exception by defendant.) Q. Do you know to whom that money was paid? A. Mr. Hamilton, plaintiff. Q. Has it been repaid to you? A. No."

Cross-examination by plaintiff's counsel:

"Q. Do you consider that Mr. Hamilton, plaintiff, owes you that money? A. I consider that he owes it to Mr. Mahn, the defendant."

This answer was immediately stricken out on plaintiff's motion, under an exception by defendant. He (the witness) is then asked by plaintiff's counsel:

"Q. Do you consider the money due you? A. From Col. Mahn [defendant] I do."

This response, also, was immediately stricken out at plaintiff's request, and defendant excepted. He is then asked:

"Q. Do you consider the money due you from Mr. Hamilton? A. No; not on that check."

It is very clear that Pimm, the maker of the note, by whom it was paid, believed that plaintiff owed defendant, and that defendant owed him (Pimm), the $100 so received by plaintiff. The testimony, however, is incomplete and unsatisfactory, and we think that in the interests of justice a new trial should be had, when the parties can present more complete and better proofs of the actual state of facts.

Judgment reversed, and new trial granted, with costs to abide the event.

---

(109 App. Div. 394)

CILLEY v. PREFERRED ACCIDENT INS. CO. OF NEW YORK.

(Supreme Court, Appellate Division, Fourth Department. November 29, 1905.)

1. TRIAL—ORDER OF PROOF.

Defendant is entitled to open and close, where its answer raises no issue on which plaintiff is required to present proof in the first instance in order to succeed.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, §§ 44–75.]

2. APPEAL—REVERSIBLE ERROR—WHAT CONSTITUTES.

Error in denying a party his right to open and close is ground for reversal.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, § 4130.]

3. INSURANCE—ACCIDENT INSURANCE—ACTIONS ON POLICY—PROOF OF ACCIDENT.

In an action on a policy insuring against the effects of bodily injury caused solely by external, violent, and accidental means, it is incumbent on plaintiff to allege in words or substance that the injury was caused solely by external, violent, and accidental means.

[Ed. Note.—For cases in point, see vol. 28, Cent. Dig. Insurance, § 1601.]

4. TRIAL—ORDER OF PROOF—RIGHT TO OPEN AND CLOSE.

A policy insured against the effects of bodily injury caused solely by external, violent, and accidental means. In an action on the policy the

complaint alleged that insured was accidentally thrown from his carriage and instantly killed from the force of the fall. The answer alleged that the death of insured "did not result from bodily injury caused solely by external, violent, and accidental means," but that his death resulted from bodily infirmity caused by intoxicating liquors. *Held*, that the answer in effect denied a material allegation of the complaint, which plaintiff was required to prove in order to recover, and defendant was not entitled to open and close.

5. PLEADING—DENIAL—CONSTRUCTION.

An affirmative allegation to the effect that certain facts did not exist is equivalent to a denial that they did exist.

6. TRIAL—ORDER OF PROOF—ADMISSION OF PLAINTIFF'S CASE.

Where defendant desires to admit plaintiff's cause of action and secure the right to open and close by setting up an affirmative defense, he must make his admissions clear and comprehensive, leaving nothing, no matter how inconsequential, to be proved by plaintiff in order to establish a prima facie case.

Williams and Nash, JJ., dissenting.

Appeal from Trial Term, Erie County.

Action by Mary Louise Cilley against the Preferred Accident Insurance Company of New York. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and NASH, JJ.

Walter S. Hubbell, for appellant.

Nathaniel W. Norton, for respondent.

HISCOCK, J. We are of the opinion that the judgment appealed from should be affirmed. This action was brought upon a policy of insurance, issued by the defendant, to recover the insurance payable at the death of one Brad J. Cilley, husband of the plaintiff, and which death is claimed to have been caused by his having been accidentally thrown from a wagon in which he was driving. Practically the only controverted issue of fact upon the trial was whether the death of the insured resulted while he was intoxicated. The learned trial justice ruled that, if it did, no recovery could be had, whether such intoxication in any manner contributed to the accident or not; that the terms of the policy were controlling upon this subject, and prevented recovery if such intoxication existed.

Three reasons are assigned by the learned counsel for the appellant why the verdict of the jury and the judgment based thereon in favor of the plaintiff should be reversed. These are, first, that the verdict was against the weight of evidence upon the subject of intoxication; second, that errors were committed by the trial justice in excluding and admitting evidence over the objection of the defendant; and, finally, that the defendant was erroneously deprived of the right to open and close the trial, to which he was entitled upon the condition of the pleadings. We dismiss the first two claims for reversal without extended discussion. While the defendant did produce much evidence to indicate that the deceased was intoxicated when he met with his death, there was upon the other side a large volume of evidence leading to an opposite conclusion. Without attempting to determine which way we

might have decided this issue if submitted as an original question of fact, we think that the issue was one fairly for a jury, and that there is not sufficient warrant for reversing their verdict as against the evidence, especially when the trial justice who heard and saw the witnesses has declined so to do. So far as the exceptions are concerned, we do not think that any of them presents any such serious error as calls for a reversal.

This brings us to the consideration of defendant's contention that it should have been allowed to open and close the trial, and which presents the interesting question upon this appeal. As already intimated, we think the contention is not sustained by the condition of the pleadings as they were presented at the trial. It is, of course, elementary that if the defendant by its answer raised no issue upon which the plaintiff was required to present proof in the first instance in order to succeed, it was entitled to such opening and closing, and, further, that if, being entitled to it, it was deprived thereof, an error was committed which calls for a reversal of the judgment. We shall assume, further, for the purposes of this appeal, in accordance with the argument of appellant's counsel, that, if the plaintiff in her complaint alleged various facts which it was unnecessary for her to prove as part of her case in the first instance, the denial of such allegations would not raise issues giving plaintiff the affirmative upon the trial.

The policy which is the basis of this action provided an insurance upon the insured "against the effects of bodily injury caused solely by external, violent, and accidental means." It also provided that the insurance should not cover various exceptional cases. The complaint alleged that, while said policy of insurance was still in force, said Brad J. Cilley was driving, when his horse became frightened and gave a sudden start, causing the said Brad J. Cilley to be accidentally thrown from his carriage and instantly killed from the force of said fall, and that at the time of said accident the said Brad J. Cilley was in possession of all of his senses and was not intoxicated. Assuming that it was not necessary for the plaintiff to allege as part of her cause of action that the insured "was in possession of all of his faculties and not intoxicated" in order to meet the exceptions specified in said policy, it still was necessary for her to allege in words or substance that the death of the insured was caused "solely by external, violent, and accidental means." The allegation with reference to his being accidentally thrown from his carriage and instantly killed from the force of the fall was intended as, and probably was, a sufficient allegation in effect to meet the case provided for by the policy. At least no claim has been made that it was not equivalent to an allegation that the insured was killed solely by external, violent, and accidental means. The answer, after various other admissions, denials, and allegations contains the following:

"And this defendant alleges, upon information and belief, that the death of the said Brad J. Cilley did not result from bodily injury caused solely by external, violent, and accidental means; that the death of the said Brad J. Cilley happened to him while he was intoxicated, and in consequence of his being, or having been, under the influence of intoxicants or narcotics; that his said death resulted wholly or in part from bodily infirmity caused by intoxicating liquors taken by him; and that the death of the said Cilley re-

sulted, either directly or indirectly, and wholly or in part, from voluntary and unnecessary exposure to danger."

It is insisted upon the part of the defendant that it has denied none of the allegations material to the assertion of plaintiff's right to recover in the first instance, but that it has set up an affirmative defense that Cilley was intoxicated when the accident happened, and therefore has brought the case within one of the exceptions of the policy which prevents a recovery. While there are some admissions and allegations in earlier portions of the answer which sustain this claim, we think that some of those just quoted at length defeat it, and that these latter allegations amount to a denial of certain things which were necessary to plaintiff's right of recovery. We have the affirmative allegations that the death did not result solely from those external, violent, and accidental means which alone permitted a recovery, and these allegations are further emphasized and amplified by the assertion that the death resulted wholly or in part from bodily infirmity caused by intoxicating liquors taken by the insured. We disregard entirely the connected allegations simply to the effect that the insured was intoxicated when the accident happened, upon the theory that such allegation stated an affirmative defense. But, so disregarding these allegations, we still have left the ones that the death did not result in the manner prescribed by the policy, but did result in whole or in part from other causes.

It is too well settled to require citation of authorities that an affirmative allegation to the effect that certain facts did not exist is equivalent to a denial that they did exist, and we think the allegations to which we have referred fairly denied the allegations in the complaint that the death of the insured came within the terms of the policy, and presented an issue upon which it was necessary for the plaintiff to give evidence before she could recover. If a defendant desires to admit a cause of action set forth in a complaint, and to secure the opening and closing of a trial by setting up an affirmative defense, he must make his admissions of the cause of action clear and comprehensive, leaving nothing, no matter how inconsequential, to be proved by the plaintiff in order to establish a prima facie case. L. O. N. Bank v. Judson, 122 N. Y. 278, 284, 25 N. E. 367; Claflin v. Baere, 28 Hun, 204; Bender v. Terwilliger, 48 App. Div. 376, 63 N. Y. Supp. 269.

The pointed and decisive inquiry in this case must be whether, if plaintiff had simply produced her policy and offered a computation of interest, she would have been entitled to a verdict for the amount of the policy, in the absence of any opposing evidence by the defendant. We think she would not have been so entitled. We think that the trial justice would have been compelled to rule, upon the pleadings as they were presented to him, that she was compelled to establish by evidence that her husband had met his death in the manner prescribed by the policy, in order to make the insurance payable. In accordance with these views the judgment should be affirmed.

Judgment and order affirmed, with costs. All concur, except WILLIAMS and NASH, JJ., who dissent.