(78 Misc. Rep. 406.)

### SALOMON v. FISKE.

(Supreme Court, Appellate Term, First Department. December 6, 1912.)

1. TRIAL (§ 25*)—RIGHT TO OPEN AND CLOSE—AFFIRMATIVE OF ISSUE.

Defendant, in an action on notes, who did not deny any allegation of the complaint, but alleged payment by plaintiff's acceptance of stock, had the right to open and close, as payment was an affirmative defense, and on the pleadings and without evidence plaintiff would have been entitled to judgment.

[Ed. Note.—For other cases, see Trial Cent. Dig. §§ 44–75; Dec. Dig. § 25.*]

2. PAYMENT (§ 65*)—ACTION—BURDEN OF PROOF.

In an action on a note, the burden of establishing the affirmative defense of payment is on the defendant.

[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 162–175, 196–202; Dec. Dig. § 65.*]

3. APPEAL AND ERROR (§ 1046*)—HARMLESS ERROR—COURSE OF TRIAL—DENIAL OF RIGHT TO OPEN AND CLOSE.

In an action on a note, where the issue as to the defense of payment was sharply drawn, and both parties were interested, and the circumstantial and documentary evidence had to be relied upon for corroboration, the denial of defendant's demand to open and close the case was reversible error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4128–4134; Dec. Dig. § 1046.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from City Court of New York, Trial Term.

Action by Adolph Salomon against Josiah M. Fiske. From a judgment entered in favor of the plaintiff upon the verdict of a jury, defendant appeals. Reversed, and new trial ordered.

Argued November term, 1912, before LEHMAN, PAGE, and HOTCHKISS, JJ.

Moos, Prince & Nathan, of New York City (Alfred B. Nathan, of New York City, of counsel), for appellant.

William S. Evans, of New York City, for respondent.

PAGE, J. The action was brought to recover on three promissory notes. The answer does not deny any allegation of the complaint, but alleges an affirmative defense that the plaintiff accepted 200 shares of stock in a certain corporation in payment. The only witnesses to the transactions were the plaintiff and the defendant. There was no dispute that the matter was discussed between the parties, and that the stock was transferred to the name of the plaintiff at his suggestion, and was retained by him for about four months, when he proposed to allow $5 a share and requested a note from defendant for the balance. Defendant contended that the plaintiff agreed to accept the stock in payment of the notes, while plaintiff claimed that he received them conditionally, subject to investigation.

[1-3] The defendant claimed the right to open and close the case, which was clearly his right, as on the pleadings the plaintiff would have been entitled to judgment without offering evidence. Payment being an affirmative defense, the burden rested upon the defendant. The denial of his demand to open and close the case constitutes reversible error, unless we can say that it was clearly not prejudicial. Conselyea v. Swift, 103 N. Y. 604, 9 N. E. 489; Lake O. N. Bank v. Judson, 122 N. Y. 284, 25 N. E. 367; Heilbronn v. Herzog, 165 N. Y. 98, 101, 58 N. E. 759.

The issue was sharply drawn, both parties were interested, and the circumstances and documentary evidence must be relied upon for corroboration. Under such circumstances the attorney who makes the answering argument to the jury has a decided advantage, and this was a right of the defendant, of which he cannot be deprived.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.

LEHMAN, J., concurs. HOTCHKISS, J., taking no part.