(83 Misc. Rep. 82.)

### KOTLOWITZ et al. v. SILBERSTEIN et al.

(Supreme Court, Appellate Term, First Department. December 18, 1913.)

1. TRIAL (§ 25*)—RIGHT TO OPEN AND CLOSE—ISSUES.

    Where the complaint alleged the performance of services and the furnishing of materials by plaintiff to defendant for an agreed price and reasonable value, and that no part thereof had been paid, except a specified sum, and the answer denied the allegations, except defendant admitted the receipt of the materials, paid for in full, and set forth an affirmative defense that the work was not properly done, plaintiff had at the beginning of the trial the burden of proof, and had the right to open and close the argument to the jury, and the mere fact that during the trial defendant conceded that plaintiff was entitled to recover, provided the work was properly done, did not affect the right, which is determined by the pleadings at the beginning of the trial.

    [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 44–75; Dec. Dig. § 25.*]

2. TRIAL (§ 25*)—RIGHT TO OPEN AND CLOSE.

    The right to open and close the argument to the jury is substantial, and its wrongful denial is ground for reversal.

    [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 44–75; Dec. Dig. § 25.*]

    Whitaker, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Jacob Kotlowitz and another, copartners doing business as Kotlowitz Bros., against David Silberstein and others, copartners doing business as the New York Manufacturing Company. From a judgment for defendants, plaintiffs appeal. Reversed, and new trial ordered.

Argued November term, 1913, before LEHMAN, PAGE, and WHITAKER, JJ.

Henry H. Silver, of New York City, for appellants.
Nathaniel H. Kramer, of New York City, for respondents.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

LEHMAN, J. The pleadings in this case set forth the performance of work, labor, and services, and the furnishing of material incidental thereto, of the agreed price and reasonable value of $319.15, and that no part of said sum has been paid, except the sum of $210.42. The answer denies these allegations, except that the defendants admit "having received certain materials from the plaintiffs above named, which the defendants paid for in full." The answer further sets forth an affirmative defense that the work was not properly done, and that the merchandise furnished was unmarketable and was returned, or its return tendered, to the plaintiffs.

[1] There can be no question but that under the pleadings the affirmative was upon the plaintiffs, and they had the right to open and close. It appears that at the trial, after both parties had opened to the jury, the defendants' attorney stated:

"I will concede that the plaintiffs would have been entitled to the balance for which this action was brought, if the goods had been properly made."

The plaintiff then testified that he sold caps to the defendant, and the defendant examined them. The plaintiff then rested, and the defendant took the stand, and testified that some of the caps made by the plaintiff were defective, and were returned by them to the plaintiff, and the trial thereafter developed practically into a trial of this issue. When the evidence was all in, the trial justice stated that the defendant had the affirmative on this issue, and gave it the right to close. The plaintiffs duly excepted to this ruling.

It seems to me that there can be no doubt that this ruling was erroneous. The material allegations of the complaint were not admitted by the answer, and the plaintiffs at the beginning of the trial had the burden of proving these allegations. Even if the subsequent concession of the defendants was sufficient to satisfy this burden, and to leave merely an affirmative defense to be litigated, and I am unwilling to concede that the concession was sufficient even for this purpose, still the right to open and close is determined by the pleadings at the beginning of the trial, and cannot be changed by any concessions made during the trial. Lake Ontario National Bank v. Judson, 122 N. Y. 278, 25 N. E. 367; Cilley v. Preferred Accident Insurance Co., 109 App. Div. 394, 96 N. Y. Supp. 282, affirmed on opinion below 187 N. Y. 517, 79 N. E. 1102.

[2] This right in a jury trial is substantial, and its denial requires the reversal of the judgment.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

PAGE, J., concurs. WHITAKER, J., dissents.