### NAGEL REALTY CO. v. FREUND et al.

(Supreme Court, Appellate Term, First Department. February 4, 1915.)

1. APPEAL AND ERROR (§ 1046*)—TRIAL (§ 25*)—HARMLESS ERROR—DENIAL OF RIGHT TO OPEN AND CLOSE.

In a summary proceeding by a landlord against a tenant alleged to have held over, where the only issue tried was that raised by the defense that the lease had been extended, and the evidence was conflicting on this issue, it was prejudicial error to deny defendant the right to close the case to the jury, especially where the court specifically charged that the burden was on defendant to establish this defense.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4128–4131, 4134; Dec. Dig. § 1046;* Trial, Cent. Dig. §§ 44–75; Dec. Dig. § 25.*]

2. LANDLORD AND TENANT (§ 309*)—SUMMARY PROCEEDINGS FOR POSSESSION—INSTRUCTIONS.

In a summary proceeding by a landlord against a tenant claimed to have held over, in which the tenant alleged an extension of the lease by reason of dealings with a janitor in the landlord's employ, it was error to charge that it was the tenant's duty to call the janitor to prove this defense, and that his failure to do so might be considered by the jury.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1317, 1318; Dec. Dig. § 309.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Summary proceeding by the Nagel Realty Company against Edward Freund and others. From a final order dispossessing a tenant and undertenants for holding over, entered on a verdict for the landlord, defendants appeal. Reversed, and new trial ordered.

Argued January term, 1915, before GUY, BIJUR, and GAVEGAN, JJ.

Einstein, Townsend & Guiterman, of New York City (M. S. Guiterman, of New York City, of counsel), for appellant H. Koehler & Co.

Jacob I. Berman, of New York City, for respondent.

GUY, J. This was a summary proceeding to dispossess a tenant and undertenants for holding over. The answer denied various allegations of the petition, including that of holding over, and also averred, as a separate defense, an extension of the lease until September 30, 1915. On the trial the undertenant withdrew all denials, so that there

was but one issue to be tried—the special agreement for a lease. A motion by plaintiff for judgment upon the pleadings was denied.

[1] The defendants appellants gave proof on an extension of the lease, including alleged dealings with a janitor in plaintiff's employ. The landlord denied the extension and introduced proof in support of such denial. The janitor was not called by either side. The defendants claimed the affirmative, and asked leave to close with the jury on the only issue of fact submitted to the jury; i. e., whether, as alleged in the separate defense set up in the answer, plaintiff and defendant entered into an agreement for the extension of the lease until September 30, 1915. This motion was denied, under exception by the defendant, nothwithstanding the fact that the court in its charge subsequently specifically submitted that issue to the jury, and charged the jury that the burden was upon the defendant to establish such defense by a preponderance of proof, and that, if he failed to do so, they must find a verdict in favor of plaintiff. In a close jury trial, the denial of the right to close is prejudicial error. Lake Ontario Nat. Bank v. Judson, 122 N. Y. 278, 282, 285, 25 N. E. 367.

[2] The learned court also erroneously charged the jury that it was the tenant's duty to call the janitor (who was admittedly in the landlord's employ) to prove the alleged separate defense, and that the failure of the defendant to do so might be considered by the jury. Although this was subsequently somewhat modified in the judge's charge, it was, even in the modified form, so prejudicial to the defendant as to call for a reversal of the order.

The order must therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.