By the Court, Learned, J.
The case of Wayland v. Tysen; (45 N. Y. 281,) decides that the court cannot strike out as sham an answer consisting of a general denial. The reason for that decision is that “a party making a demand against another through legal proceedings, is required to show his right by common law evidence; and that ex parte affidavits aré not such evidence.” The case of Thompson v. The Erie R. R. Co., (45 N. Y. 468,) applies the same principle to an answer which denies some, but not all, of the allegations of the complaint.
Each of the present actions is on a promissory note alleged to have been made by two defendants, partners, to the order of one of them, and endorsed by him and delivered to the plaintiffs. The answer in each case, substantially sets up that the note was given, not for the indebtedness of the firm, but for that of the individual partner to whom it was payable, and that the plaintiffs knew this fact. Perhaps the answers are not as *456 full as they should be, but that question does not come up here. This is not a motion for judgment on the ground of the frivolousness of the answer, but a motion to strike it out as sham. The answer is verified.
[First Department, General Term, at New York,
January 6, 1873.
Ingraham, Brady and Learned, Justices.]
Now the gist of the action on a promissory note is, that the defendants, for a good consideration, promised to pay a certain sum, and this answer,- in substance, denies that the defendants did so promise. The answer, when.considered as to substance rather than form, does not set up a substantive defence. It says that the note, although apparently the note of the firm, never was a promise by them, for a good consideration, to pay anything. Of course the note is but evidence. The real ground of the action is the promise, made for a good consideration. It would seem, therefore, that an answer, which practically puts in issue the promise, sets up no substantive defence, but is a denial of the plaintiffs’ allegation.
The decision, therefore, in 45 N. T., above referred to, seems to require that the orders appealed from be reversed, with costs.