HORACE B. CLAFLIN AND OTHERS, RESPONDENTS, v. JULIUS BAERE AND LOUIS BAERE, APPELLANTS.

*Burden of proof — right to open and close the case — what a defendant claiming the right so to do must show.*

The complaint in this action alleges "that the defendants were copartners; that, between September 3, 1878, and December 3, 1878, both days inclusive, plaintiffs sold and delivered to defendants, as such copartners, certain goods and merchandise at the prices agreed upon between the plaintiffs and defendants, as such copartners, and which amounts, in the aggregate, to the stipulated sum of $6,269; that no part thereof has been paid;" and demanded judgment accordingly. The answer admits that the defendants were copartners, and "the sale and delivery of the goods as referred to in the complaint." It then set up, as a separate defense, that the goods were sold on a credit of four months, which term had not expired when the action was commenced; and then denied each and every allegation in the complaint not therein specifically admitted.

*Held,* that the answer did not set up a substantial defense, but, in effect, denied that the defendants had promised to pay for the goods at a time prior to the commencement of the action.

That the plaintiffs were entitled to open and close the case.

Although the party holding the affirmative has a legal right to open and close the case, yet, when the defendant insists that he holds the affirmative, he must make it appear, beyond all reasonable doubt, that he has admitted, by his pleadings, all the essential facts upon which the plaintiff bases his right of action; and he cannot call upon the court to make a critical examination of the pleadings to determine whether or not he is entitled to the privilege he claims.

APPEAL from a judgment, entered upon a verdict in favor of the plaintiffs, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

The only error alleged on the part of the appellant, is in the ruling at the trial, that the plaintiffs held the affirmative and were entitled to make the closing address to the jury. The complaint alleges that the defendants were copartners in trade, and then avers as follows: "That between September 3, 1878, and December 3, 1878, both days inclusive, plaintiffs sold and delivered to defendants as such copartners, certain goods and merchandise at the prices agreed upon between the plaintiffs and the defendants as such copartners, and which amounts in the aggregate to the stipulated sum of six

thousand two hundred and sixty-nine dollars; that no part thereof has been paid," and concludes by demanding judgment. The answer, in terms, admits that the defendants were copartners. The second answer is as follows: " The defendants admit the sale and delivery of the goods, as referred to in the complaint."

The third answer, which is set up as a separate defense, alleges that the goods were sold on a credit of four months, which term had not expired at the time the action was commenced, and then follows a denial, as follows: " The defendants deny each and every allegation in the said complaint not herein specifically admitted."

*A. Blumenstiel*, for the appellant.

*Melville H. Regensberger*, for the respondents.

BARKER, J.:

The defendants, by the form of their answer, have determined that the plaintiffs held the affirmative, of an essential issue of fact, and were therefore entitled, as a matter of right, to open the case and make the concluding argument to the jury. The plaintiffs' cause of action was to enforce the defendants' promises to pay to the plaintiffs the sum of $6,269 on the 3d day of December, 1878; the consideration of the promise being the sale and the delivery of the goods mentioned in the complaint.

The complaint is somewhat inartificially prepared even under the system of pleading established by the Code, as there is no specific averment that the defendants promised to pay to the plaintiffs the sum of money which they seek to recover, nor as to the time when the payment was to be made.

Although no question is made by the defendants as to the form and sufficiency of the plaintiffs' pleadings, yet it was for the plaintiffs to prove upon the trial the fact that the defendants did promise to make the payment, and at a time prior to the commencement of this suit. The defendants, on their part, must have intended to put in issue the fact that they promised to pay the sum mentioned, on a day prior to the commencement of the action, otherwise they could not have presented the defense which they pleaded, and upon which they stand to bar a recovery.

An issue of fact is framed by the averment of a material fact by

one of the parties to the action and the denial of the same by the opposite party.

The plaintiffs come into the court and state that they sold and delivered goods to the defendants at an agreed price, and that the same is now due and unpaid.

The defendants appeared, and in their answer admitted the sale and delivery of the goods at the price agreed upon, and denied that they promised to pay for the same at the time mentioned by the plaintiffs, and averred that they were to have four months' credit, which had not expired at the time of the commencement of the action.

These are counter statements of a fact, and an issue is joined over the question in dispute.

We are not considering, nor do we need to, the question of proof as to the nature and kind of evidence which would be sufficient to make out the plaintiffs' side of the controversy.

The answer setting up that a credit was given on the sale of the goods is not a substantive defense, but it is in effect a denial that the defendants promised to pay for the goods at a time prior to the commencement of the action and that the debt is due as claimed by the plaintiffs.

This alone constitutes a denial of an essential fact which the plaintiffs were required to maintain on the trial, in some form, either by the defendants' admissions or by proper proof establishing the fact. (*Fridenbergh* v. *Jaroslauske*, 64 Barb., 463.) The denial contained in the answer also puts in issue the same fact.

The admission in the answer is a guarded and stinted one, and is in these words: "The defendants admit the sale and delivery of the goods as referred to in the complaint, and followed by a denial of every other fact connected with the bargain and sale.

The rule undoubtedly is that the party holding the affirmative upon an issue of fact has the right upon the trial to open and close the proof and to reply in summing up the case to the jury. This is regarded as a legal right not resting in the discretion of the court, and when denied the denial may be excepted to and the ruling reviewed upon appeal (*Millerd* v. *Thorn*, 56 N. Y., 402), yet when the defendant in an action insists that he holds the affirmative and may open the trial and conclude the argument, he is called upon by the form of his pleadings to make it appear beyond all reasona-

ble doubt that he has admitted the essential facts upon which the plaintiff bases his right of action, and he cannot call upon the court to make a critical examination of the pleadings to determine whether he is entitled to the privilege claimed or not.

By their answer the defendants joined issue with the plaintiffs over the question of fact as to time when they were to make payment for the goods.

Upon the trial the plaintiffs admitted that the goods were sold upon a credit of four months, which had not expired at the time this action was commenced.

The bill of exceptions does not contain any statement of fact, or set forth evidence establishing any fact, that would show that the plaintiffs were held to the terms of the contract as to credit, and that their action was prematurely brought.

But as the appellant's counsel stated upon the argument, and repeated the same in his brief, that the only question presented by the appeal was whether there was an error in the ruling of the court that the plaintiffs held the affirmative on the trial.

We therefore assume that the bill of exceptions was prepared to present this single question as stated by the appellant.

The judgment and the order are both affirmed, with costs.

BRADY, P. J., and DANIELS, J., concurred.

Judgment and order affirmed, with costs.