(79 App. Div. 532.)

MILLER v. MYERHOFF.

(Supreme Court, Appellate Division, Fourth Department.   January 27, 1903.)

1. APPEAL—DENIAL OF RIGHT TO OPEN AND CLOSE.
    The erroneous denial of a party's right to open and close is ground for
    reversal.
2. SAME—SUIT ON NOTE—AFFIRMATIVE DEFENSE.
    A complaint on a note alleged its making and delivery to plaintiff's
    intestate.  It alleged plaintiff's appointment as administrator, the non-
    payment of the note, that plaintiff, as administrator, was entitled to
    .recover thereon, and that defendant was indebted to him, etc.   De-
    fendant denied plaintiff's right to recover, and that defendant was in-
    debted to him, and also averred that before her death plaintiff's intestate
    had returned the note to defendant, directing its payment to a third party.
    Held, that the only issue was on defendant's averments of new matter,
    which constitutes an affirmative defense, and entitled defendant to open
    and close the argument.
    McLennan and Nash, JJ., dissenting.

Appeal from Monroe County Court.

Action by George W. Miller, as administrator, etc., against Mary
Myerhoff.  From a judgment for plaintiff, and from an order denying
a motion for a new trial on the minutes, defendant appeals.  Reversed.

Argued before McLENNAN, SPRING, WILLIAMS, HISCOCK,
and NASH, JJ.

J. P. O'Connor, for appellant.
Fred H. Baker, for respondent.

. WILLIAMS, J.  The judgment and order should be reversed, and
a new trial granted, with costs to appellant to abide event.

The court erred in denying the defendant the right to open and
close the case on the trial.  She had the affirmative of the issue made
by the pleadings, and a denial of such right was error which requires
a reversal.

The action was brought upon a promissory note made by the de-
fendant and delivered to the deceased.  The complaint alleged the
making and delivery of the note to the deceased during her lifetime,
and that she thereupon became the owner and holder thereof.  It also
alleged the death of the deceased, the appointment of plaintiff as the
administrator of her estate, and that he qualified and was acting as
such administrator, letters having been issued to him.  It then al-
leged nonpayment of the note, and that plaintiff, as administrator, was
entitled to recover thereon, and defendant was indebted to him, as
administrator, in the amount of the note and interest.  The answer
denied that the plaintiff was entitled to recover on the note, or that
defendant was indebted to him.  There were no other express denials.
The answer alleged that the deceased, before her death, caused the
note to be delivered to the defendant, and directed the same be paid
to a third party, and for his benefit.  It will thus be seen that all the
facts alleged in the complaint were admitted; only conclusions were
denied.  The only issue made by the pleadings was the transfer of
the note by the deceased before her death, which was an affirmative
defense.  It is well settled that the test as to who has the affirmative

is whether the plaintiff is entitled to recover upon the pleadings, and without any proof. If he is, then defendant has the affirmative upon any defense set up in the answer. Bank v. Judson, 122 N. Y. 278, 25 N. E. 367. That action was brought upon promissory notes and overdrafts. The answer admitted the giving of the notes, and denied the other allegations of the complaint, which covered the overdrafts, and then set up an affirmative defense. On the trial the defendant admitted the overdrafts, and then claimed the affirmative as to the counterclaim. The court held the question was to be determined upon the pleadings, and the admission upon the trial could not aid the defendant in securing the affirmative, though, after the admission, the plaintiff had no proof to make to maintain his action.

In Claflin v. Baere, 28 Hun, 204, to which our attention is called, the complaint alleged the sale and delivery of the goods at agreed prices amounting in the aggregate to a certain sum, which remained wholly unpaid. The answer admitted the sale and delivery of the goods as claimed, but alleged the sale was upon a credit of four months, which time had not expired when the action was commenced, and then denied every allegation not specifically admitted. The court held that the complaint should be construed as alleging that the purchase price was payable at a time prior to the commencement of the action, and the general denial in the answer covered this allegation that the plaintiff had, therefore, as a part of his case, to prove the contract of sale was to this effect, and the defendant was denied the right to the affirmative upon this issue. This view of the case was adopted in Plenty v. Rendle, 43 Hun, 568. Claflin v. Jaroslauski, 64 Barb. 463, to which our attention is called, was an appeal from an order striking out an answer as sham. The action was upon a note made by two partners to the order of one of them, and indorsed by him and delivered to the plaintiff. The defense was that the note was given, not for an indebtedness of the firm, but for the individual partner to whom it was payable, and the plaintiff knew it. It was held that the answer was good. The case is meagerly reported, and it is not apparent from the statements made how this defense amounted to anything so long as the partners both executed the note. It does not appear just what the allegations in the complaint were, or whether there was an express admission or denial in the answer of any of the allegations of the complaint. The court said: "An answer which practically puts in issue the promise [contained in the note] sets up no substantive defense, but is a denial of the plaintiff's allegation." We fail to see how that case aids us in the determination of the question we are considering.

In Conselyea v. Swift, 103 N. Y. 604, 9 N. E. 489, the complaint set forth a cause of action upon a note against the indorser thereof. The answer alleged as an affirmative defense that the note was in fact paid out of the moneys in the plaintiffs' hands applicable thereto, and that the plaintiffs were not the owners and holders of the note, and that defendant was not indebted to them thereon. There was no express admission or denial of any allegation of the complaint, the defense set up was an affirmative one, the whole burden of proof with reference thereto was upon the defendant, and in the absence of proof the plaintiffs were entitled to a verdict. The defendant, therefore, was entitled

to the affirmative. In the present case, applying the well-settled rules test as laid down in Bank v. Judson, above, it is apparent that the defendant was entitled to the affirmative. Upon the pleadings the plaintiff was entitled to a verdict without giving any proof. Upon the facts alleged in the complaint the conclusion followed that the deceased was the owner and holder of the note when she died. Assuming that the complaint should be construed as alleging such ownership of the note at death, there is no express denial of such allegations in the answer as there was in Claflin v. Baere, above, and in the absence of such denial the allegation must be regarded as admitted. The allegation of such ownership would be of a conclusion merely, and not a fact, and the denial thereof would raise no issue. The defendant must have denied the facts from which such conclusion followed, or she must have alleged new facts from which a contrary conclusion would follow. She adopted the latter course. Having alleged those facts, she had the burden of proving them. The burden of disproving them was not upon the plaintiff. He was not called upon to prove a negative because of the allegation of new facts in the answer. He was entitled to rest upon the conclusion arising from the facts alleged in the complaint that, the deceased having once become the owner of the note, such ownership continued until the contrary was proved by the defendant, until proof was given of the new facts alleged in the defendant's answer. The defendant was, therefore, entitled to the affirmative on the trial.

These suggestions lead us to conclude that the judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide event.

SPRING and HISCOCK, JJ., concur.

McLENNAN, J. (dissenting). The only question involved upon this appeal is whether or not the trial court committed error in ruling that the plaintiff had the affirmative of the issues raised by the pleadings. The law is well settled that, if it is necessary for a plaintiff to prove any fact in order to entitle him to recover, he is entitled to the "opening and closing." In order to deprive him of such right, the pleadings must be in such shape that, if the defendant does not make any proof, the plaintiff is entitled, without giving any proof, to judgment for the amount demanded in the complaint. The rule is stated in the headnote in L. O. N. Bank v. Judson, 122 N. Y. 278 (s. c. 25 N. E. 367), as follows:

"The question as to which party has this right [of opening and closing the case on trial] is to be determined by the pleadings, and the test is whether, without any proof, plaintiff, upon the pleadings, is entitled to recover upon all the causes of action alleged in his complaint. If he is not, no matter how little proof the issue may require, if it is requisite to establish it by evidence, plaintiff has the right to open and close the case. If he is, and defendant alleges a counterclaim controverted by plaintiff, or sets up an affirmative matter or defense, which is the subject of trial, the defendant has that right."

This action was commenced in justice's court on the 15th day of November, 1901, by the plaintiff, as administrator of the goods, chattels, and credits of Anna C. Miller, deceased, to recover upon a promis-

sory note for $75 made by the defendant in October, 1897. The complaint, which was in writing, alleged, in substance, that plaintiff was administrator; that the note was made by the defendant, and was by her delivered to plaintiff's intestate; that no part of the same had been paid; and that there was now due and owing to the plaintiff, as administrator, from the defendant, the amount of said note, with interest, and judgment was demanded accordingly. The answer, which was also in writing, admitted, in effect, the making of the note, and its delivery to the plaintiff, as stated in the complaint. It then alleged "that thereafter, and on or about the 1st day of March, 1899, said payee caused the said note to be delivered to this defendant, that the same be paid to William Meyerhoff and for his benefit." The defendant then denied that plaintiff is entitled to recover on said note any sum whatever, or that defendant is indebted to him in any sum.

It seems to me clear that under this answer it was incumbent upon the plaintiff, in order to make out a prima facie case, to prove that his intestate was the owner and holder of the note at the time of her decease. To be sure, the defendant admits its delivery at the time it was made, but alleges, in effect, that the deceased redelivered it to her for the benefit of another, and that, therefore, the plaintiff is not entitled to recover. In effect, the defendant says, "I admit I made the note in question and delivered it to the deceased, but the deceased gave it back to me for the purpose of having me pay the amount thereof to William Meyerhoff, and therefore the plaintiff never had the note, has no interest in it, and is not entitled to recover upon it." In effect, the defendant, by her answer, denies plaintiff's ownership; denies that there was any such delivery to his intestate as entitled him to have the note in his possession. Under those circumstances, in order to entitle the plaintiff to recover, it was essential that he should prove that at the time of the death of his intestate she was the owner and entitled to the possession of the note, and that upon her death he became entitled to such possession. This was exactly the course pursued upon the trial. The plaintiff did not have the note in his possession. It had been lost, but he gave proof tending to show that his intestate was the owner of the note at the time of her death, and was entitled to the possession thereof.

It is of no consequence that a fact which it is necessary for a plaintiff to establish in order to entitle him to recover in an action is denied in defendant's answer by an affirmative allegation, rather than by a specific denial. If such a fact is put in issue, it is incumbent upon the plaintiff to prove it. The plaintiff, to recover upon a promissory note, must allege facts which in law establish ownership. The case of Claflin v. Jaroslauski, 64 Barb. 463, was an action upon a promissory note. The plaintiff alleged in his complaint that the two defendants, as copartners, made their promissory note payable to the order of one of them; that the payee indorsed the note, and delivered it to the plaintiff, and that no part of it had been paid. The answer sets up that the note was given, not for the indebtedness of the copartnership, but for that of the individual partner to whom it was payable, and that the plaintiff knew this fact. The court said:

"The answer, when considered as to substance rather than form, does not set up a substantive defense. It says that the note, although apparently the note of the firm, never was a promise by them, for a good consideration, to pay anything. Of course, the note is but evidence. The real ground of the action is the promise, made for a good consideration. It would seem, therefore, that an answer which practically puts in issue the promise sets up no substantive defense, but is a denial of the plaintiff's allegation."

Claflin v. Baere et al., 28 Hun, 204, was an action to recover for goods sold and delivered. The plaintiff alleged in his complaint that the defendants were copartners; that between September 3, 1878, and December 3, 1878, plaintiff sold and delivered to defendants, as such copartners, certain goods of the value and at the agreed price of $6,269. The answer admitted the allegations of the complaint. It then set up as a separate defense that the goods were sold on a credit of four months, which term had not expired when the action was commenced, and then denied each and every allegation in the complaint not therein specifically admitted. It was held that the plaintiff. was entitled to open and close the case. The court said:

"We are not considering, nor do we need to, the question of proof as to the nature and kind of evidence which would be sufficient to make out the plaintiff's side of the controversy. The answer, setting up that a credit was given on the sale of the goods, is not a substantive defense, but it is, in effect, a denial that the defendants promised to pay for the goods at a time prior to the commencement of the action, and that the debt is due, as claimed by the plaintiffs. This alone constitutes a denial of an essential fact which the plaintiffs were required to maintain on the trial in some form, either by the defendants' admissions or by proper proof establishing the fact. Claflin v. Jaroslauski, 64 Barb. 463. The denial contained in the answer also puts in issue the same fact."

As we have seen, the answer in the case at bar was, in effect, a denial that the plaintiff's intestate was the owner of the note in suit at the time of her decease, and it is entirely immaterial that such issue was raised by a separate defense, rather than by a specific denial. It was also said in Claflin v. Baere, supra:

"When the defendant in an action insists that he holds the affirmative, and may open the trial and conclude the argument, he is called upon by the form of his pleadings to make it appear beyond all reasonable doubt that he has admitted the essential facts upon which the plaintiff bases his right of action, and he cannot call upon the court to make a critical examination of the pleadings to determine whether he is entitled to the privilege claimed or not."

It seems to me that the remark of the learned court is particularly applicable to the case at bar, and that, in any event, in view of the state of the pleadings, the ruling of the trial court did not constitute error. The course of the trial makes it perfectly clear that the court correctly interpreted the pleadings and the intention of the parties as evidenced thereby. The entire evidence offered by the defendant was for the purpose of establishing that plaintiff's intestate did not own the note at the time of her decease, and for that reason alone urged that the plaintiff was not entitled to recover. The pleadings in this case sought to frame the issues between the parties in a justice's court, and, in any event, they ought not to be construed with the same strictness of rule as is applicable to pleadings in a court of record, especially when it is apparent that a reversal will, in effect,

destroy plaintiff's cause of action, although it is clear from the proofs, all of which are before this court, that the defendant had no defense to the note in question upon the merits.

We think the judgment should be affirmed, with costs.

NASH, J., concurs.

